† FLETCHER, *Administrator, versus* HOLMES *& al.*

An administrator of an insolvent estate is entitled to the aid of the equity powers of the Court, to obtain property belonging to the intestate, which creditors may lawfully claim in satisfaction of their debts when the same is held in fraud of their rights.

But *before* resorting to the Court in equity, his remedies at *law* must first be exhausted.

Thus, where such administrator attempts, through the equity side of the Court, to reach the avails of property belonging to the estate, fraudulently conveyed, it must appear : —

1st, That the suit is for the benefit of all the creditors whose claims are established.

Fletcher v. Holmes.

2d. That the creditors have obtained judgment, *or* that their claims have been allowed by the commissioners of insolvency, and not objected to by the administrator.

3d. That the administrator has availed himself of the provisions of law for summoning before the Probate Court, the suspected parties.

4th. That he has brought a suit at law for the recovery of the property so conveyed.

5th. That he, or those he represents, have exhausted their remedy against the parties for aiding or assisting in fraudulently concealing the property of the estate.

This was a case in EQUITY which was heard by the Court on demurrer to the bill, answer and proof.

Plaintiff brings this bill as administrator of the estate of Greenleaf Kiff, and on behalf of *two creditors* of the estate, against one Geo. Holmes and the wife of said Kiff, who has intermarried with one William Smith.

The charge in the bill is, that they fraudulently confederated together and took possession of a large portion of the personal estate of said Kiff, and that said Holmes, a relative, held the avails of sundry notes and property in trust for Barbara, the other defendant.

The plaintiff alleged that the estate which he had found was wholly absorbed in the allowance made by the Judge of Probate to the widow, and expenses of administration; that he had represented the estate insolvent, but on account of its absorption, as above, no commissioners were appointed by the Judge, and the two creditors, whom he represented, had no opportunity of proving their claims against said estate. But the plaintiff had ascertained the legality and justice of their claims, amounting to four thousand dollars.

A large amount of property was enumerated in the bill as having been transferred to said Holmes in trust for Barbara, by the intestate, in fraud of his creditors.

The bill prayed for a true answer under oath, and for a decree that the property received by said Holmes of the intestate, or the avails thereof, might be delivered to plaintiff.

It did not appear that any other proceedings, than above mentioned, had been instituted in the Probate Court.

The answers and proofs became immaterial, as the cause was disposed of upon the demurrer.

*N. Abbot*, in support of the demurrer, maintained that plaintiff had an adequate remedy both at common and statute law.

*A. T. Palmer, contra.*

RICE, J. — This case comes before us for hearing on bill and demurrers with answers by defendants under protest. The first question is, whether there is sufficient appearing upon the face of the bill, to give this Court jurisdiction, as a Court of equity.

By the provisions in § 10, c. 96, R. S., this Court has jurisdiction in equity, of all cases of fraud, trust, accident or mistake, when the parties have not a plain and adequate remedy at law.

The plaintiff claims to sustain this bill on the ground of fraud.

In *Holland* v. *Cruft*, 20 Pick. 321, the Court sustained a bill brought by the administratrix, for the benefit of the general creditors of her intestate, under the statute of Massachusetts, c. 87, stat. of 1817, on the ground, that as to the defendant Cruft, it was a trust arising under a will, and as to the other defendants, it was a trust arising in the settlement of an estate, and the question of fraud was tried as an incidental question, which it became necessary to settle in determining the question of trust.

In *Gibbens, Adm'r*, v. *Peeler*, 8 Pick. 254, the Court sustained the bill under statute of 1823, c. 140, on the ground that certain notes were, by the defendant, so secreted and withheld that they could not be found or come at to be replevied.

In *Caswell* v. *Caswell*, 28 Maine, 232, the Court held, on the authority of *Holland* v. *Cruft*, that an administrator of an insolvent estate, as trustee for the creditor, is en-

titled, in proper cases, to the aid of this Court, as a Court of equity, to obtain property belonging to the intestate, which creditors may lawfully claim to apply in satisfaction of their debts, when the same is held by others in fraud of their just rights; but that an individual creditor cannot maintain such bill.

Before the administrator can resort to a Court of equity, he must do all which the law will enable him to do, to obtain the object of his pursuit, and until he has exhausted his legal remedies, he is not entitled to the aid of a court of equity. Ib. 236.

Where it is attempted to reach the avails of property fraudulently conveyed, by process in equity, it should appear, that a judgment has been obtained of some description, which cannot be impeached by the party to be affected by the relief sought; and that every thing has been done therewith which the law requires to obtain satisfaction of the same. A judgment of a court of common law, would not be required, however, to lay the foundation for such a process, by the administrator for the benefit of the creditor of an insolvent estate. The commission of insolvency, the report thereon allowing certain claims, and the acceptance thereof, without appeal, on judicial proceedings, are in the nature of a judgment. Ib.

In the case at bar, though the bill is in the name of the administrator, it was instituted and is now prosecuted, at the request, and for the especial benefit of particular creditors of Greenleaf Kiff, and not for the benefit of his creditors generally.

The administrator is the trustee and representative of creditors, and as such, may stand upon their rights and assert claims which the intestate himself could not have asserted. It was his duty to have returned into the Probate Court, a true inventory of all the real estate, and all the goods, *chattels, rights* and *credits* of the deceased; and such of the credits of the deceased, and rights to personal property, not in possession, as the appraisers might judge to

be in whole or in part available as assets, should have been appraised. R. S., c. 106, §§ 3 and 10.

Provision is also made in the same chapter, §§ 30 & 32, for summoning before the Judge of Probate, on complaint of any executor, administrator, heir, legatee, creditor or other person interested in the estate of any deceased person, any one suspected of having concealed, embezzled or conveyed away any of the money, goods, or effects of the deceased, to be examined upon oath, upon the matter of such complaint. And if such person refuse to appear and answer, he may be committed to the common jail of the county by such Judge.

This power of the Judge of Probate is analogous, in its extent and object, to the power exercised by courts of chancery upon bills of discovery. *Selectmen of Boston* v. *Boylston,* 4 Mass. 318.

The administrator may also maintain an action at law for the recovery of the property in the hands of the defendants. *Martin* v. *Root,* 17 Mass. 222.

These provisions, none of which have been resorted to in this case, furnish, it is believed, plain and adequate remedies at law, in this class of cases. Having been established for the express purpose of settling the estates of deceased persons, they should be pursued and exhausted before resort is had to a court of equity. Otherwise, all the provisions of law, designed for the settlement of estates may be disregarded and courts of equity resorted to in the first instance, against the manifest intention of the Legislature, and to the great inconvenience of courts, as well as parties.

Further still, in this case, the plaintiff, or those he represents, if they have just claims against the estate of Kiff, have most ample remedy at law against Holmes, under the provisions of § 49 of c. 148, in case he aided or assisted Kiff in the fraudulent concealment and transfer of his property to delay or defraud his creditors.

Without discussing the answers or the proofs in the case, the bill must be dismissed for the reasons above stated.

*Bill dismissed.* — *Costs for respondents.*