| | |
|---|---|
| 82 | 209 |
| 87 | 248 |
| 87 | 458 |
| 82 | 209 |
| 90 | 60 |
| 90 | 250 |
| 82 | 209 |
| 102 | 626 |
| 82 | 209 |
| 106 | 112 |
| 82 | 209 |
| 114 | 38 |

[No. 12485.   Department Two. —December 28, 1889.]

P. H. KRANER, APPELLANT, *v.* ABRAHAM HALSEY, RESPONDENT.

PLEADING — ASSUMPSIT — MONEY PAID — IMPLIED PROMISE. — A complaint stating the payment of a sum of money by plaintiff at the special instance and request of defendant, for which money so paid defendant is indebted to him, and has refused to pay the money, or any part of it, is sufficient, without averring a promise by defendant to repay the money, since the law implies such a promise. That which is implied by law need not be averred in pleading.

ID. — STATUTE OF LIMITATIONS — DEMURRER. — If the complaint does not state when the money was paid, it is not for that reason subject to a demurrer on the ground that the cause of action is barred by the statute of limitations. Where it does not affirmatively appear upon the face of the complaint that the cause of action sued upon is barred by the statute of limitations, a demurrer on that ground will not lie.

ID. — DEMURRER FOR AMBIGUITY OR UNCERTAINTY — MATTER OF INDUCEMENT — IMMATERIAL MATTER. — Such complaint is not demurrable for ambiguity or uncertainty in respect to the cause of action, it appearing clearly that the action is on the implied promise. Matter of inducement and immaterial matter, which might be left out of the pleading without impairing its sufficiency, will not render it demurrable for ambiguity or uncertainty.

ID. — UNCERTAINTY AS TO TIMES AND DATES — CONJUNCTIVE DEMURRER — AMBIGUITY AND UNCERTAINTY. — Such complaint is demurrable on the ground of uncertainty in not stating the date or time of the issuable facts averred; but the complaint not being ambiguous or unintelligible, such ground of demurrer cannot be relied on upon a demurrer that the complaint is ambiguous, uncertain, *and* unintelligible. All the defects pointed out and conjoined in such demurrer by the copulative particle "*and*" must exist, or the demurrer must be overruled, even though

LXXXII. CAL.—14

a demurrer for uncertainty alone might have been well taken. "Uncertainty," in the statute, does not include "ambiguity," but refers to the uncertainty in pleading defined by the authorities.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*T. N. Osment*, for Appellant.

*Garber, Thornton & Bishop*, for Respondent.

THORNTON, J.—Judgment passed for defendant herein, and plaintiff appealed therefrom.

The questions to be considered arise on a demurrer to the complaint.

The first ground of the demurrer, that the complaint does not state facts sufficient to constitute a cause of action, is manifestly untenable.

The complaint states the payment of a sum of money by plaintiff at the special instance and request of defendant, for which money so paid defendant is indebted to him, and that he (defendant) has failed and refused to pay this money, or any part of it. The law on the facts stated implies a promise by defendant to pay the money to the person paying it at defendant's request, and in such case it is unnecessary to aver the promise. That which is implied by law need not be averred. (Stephen's Pleading, 353, 354; Gould's Pleading, c. 3, sec. 8.)

The preceding statements are matters of inducement only.

The second ground of demurrer is, that the cause of action set forth in the complaint is barred by the provisions of section 337, and by subdivision 1 of section 339, and by section 343 of the Code of Civil Procedure of this state.

These sections are a part of the statute law of this state, limiting the period within which actions may be commenced.

It does not appear on the face of the complaint when the money was paid by plaintiff at the request of defendant. To hold that the cause of action sued on is barred, on a demurrer to the complaint, it must so appear from the allegations of the complaint. Here it does not so appear. The date of the payment is not stated in the pleading. How, then, can any court say that the payment made at request of defendant was not made within sixty days or one day before the commencement of the action, or that the request of defendant, by reason of which the payment was made, was not made within ten days before action brought? The demurrer must be determined on the allegations of the pleading before the court. A court is not allowed to speculate on what might have happened, or what might not have occurred, in view of the averments of the complaint. It must decide on the complaint and its averments. See *Ord* v. *De la Guerra*, 18 Cal. 75, where it was held that when a complaint shows *prima facie* upon the facts stated that the claim is barred by the statute of limitations, the defendant may take advantage of the defect by demurrer; yet it must clearly so appear. It is far from clearly appearing here. In fact it does not appear at all.

The second ground of demurrer is untenable.

A further and third ground of demurrer is, "that the complaint is ambiguous, uncertain, and unintelligible," etc., in several particulars which are specified.

The specifications of uncertainty, ambiguity, and unintelligibility are in the demurrer designated by the letters from *a* to *h*, inclusive.

As to specification *a*, it clearly appears that the action here is on the implied promise. What precedes this portion of the complaint is mere inducement, which might have been left out of the pleading without impairing its sufficiency.

Specifications *c*, *d*, and *h*, relate to inducement, and therefore to immaterial averments. The rule is never

applied in the English practice to matters of inducement (Stephen's Pleading, 292), and should not be applied with any strictness here.

Specification *g* relates to immaterial matter.

Specifications *e* and *f* relate to times or dates, and in this regard the complaint may be considered uncertain.

We are of opinion that the complaint is neither ambiguous nor unintelligible. It is uncertain in not stating the date or time of several issuable facts averred, and perhaps on other matters. If the defendant had demurred on the ground of uncertainty alone (and this is allowed by the statute, Code Civ. Proc., sec. 430, subd. 7), we should hold that the demurrer for uncertainty was well taken. But the defendant has stated his grounds of demurrer *conjunctively*, "that the complaint is ambiguous, uncertain, *and* unintelligible." And when, upon a demurrer so framed, this court can see that the pleading is neither ambiguous nor unintelligible, we cannot hold the demurrer properly sustained, though it may in some particulars be so uncertain that a demurrer on such ground would lie. The defects and imperfections must be especially set down, as under the statute of 27 Eliz., c. 5, sec. 1, and 4 & 5 Anne, c. 16. (See Gould's Pleading, c. 9, pt. 1, sec. 9, etc.) The plaintiff is not called on, when the demurrer is taken, as in this case, to defend his complaint from each ground, when one of the grounds does not exist. All the defects pointed out and conjoined by the copulative particle "*and*" must exist, or the demurrer must be overruled.

As to the alleged ambiguity of the complaint, we will further observe that *ambiguity* signifies "the quality or state of being ambiguous; doubtfulness or uncertainty, particularly of signification." Webster so defines it. He defines *ambiguous* in these words: "Doubtful or uncertain, particularly in respect to signification; equivocal, as an *ambiguous* course; an *ambiguous* expression." As

illustrative of his definitions he quotes the following couplet from Milton:—

> "What have been thy answers, — what but dark,
> *Ambiguous*, and with double sense deluding?"

He gives as synonyms, " Indeterminate; indefinite; doubtful; uncertain; unsettled; indistinct; equivocal. "

On reading the complaint with ordinary care, we cannot perceive that it can be pronounced either doubtful, uncertain, or equivocal in its meaning.

The word "uncertainty," in the statute, refers to the uncertainty defined by the authorities in pleading, and such authority does not include *ambiguity*. As to what is uncertainty, see Gould's Pleading, c. 3, secs. 51–101, and c. 4, secs. 23–37; also Stephen's Pleading, sec. 4, c. 2.

In *Salmon* v. *Wilson*, 41 Cal. 595, it was held that a demurrer on the ground of ambiguity should be overruled, if enough appear to render the pleading demurred to easy of comprehension and free from reasonable doubt.

The allegations of the complaint are easy of comprehension and free from reasonable doubt as to their meaning.

We think they are clearly intelligible.

The court below erred in sustaining the demurrer to the complaint. The judgment is reversed, and the cause remanded. The court *a qua* is directed to overrule the demurrer to the complaint, with leave to defendant to answer, allowing the plaintiff, should he be so advised, to amend his complaint so as to make it more certain.

Ordered accordingly.

McFARLAND, J., and SHARPSTEIN, J.,.concurred.