[No. 13679.   In Bank. — September 10, 1890.]

ANNA A. OHM, ADMINISTRATRIX, ETC., PETITIONER, *v.* SUPERIOR COURT OF THE CITY AND COUNTY OF SAN FRANCISCO, RESPONDENT.

ESTATES OF DECEDENTS — CREDITOR OF ESTATE — DISALLOWED CLAIM — FRAUDULENT CONVEYANCE — COMPELLING SUIT BY ADMINISTRATRIX. — A person whose claim against an estate has been disallowed by the administratrix, and for the establishment of which as a claim an action is pending and undetermined, is not a creditor within the meaning of section 1590 of the Code of Civil Procedure, providing for the compelling of a suit by an executor or administrator of an estate to set aside a fraudulent conveyance on application of creditors.

ID. — CREDITOR'S SUIT TO SET ASIDE CONVEYANCE — STATUTE OF LIMITATIONS. — To entitle a creditor of an estate to maintain an action to set aside a deed of the intestate as void against creditors, he must be a creditor whose claim has been allowed by the administrator, or is evidenced by a judgment, and the statute of limitations does not bar an action by

LXXXV. CAL.—35

the creditor to set aside a conveyance by the intestate until three years after the judgment establishing the creditor's claim, if disallowed by the administrator.

ID. — ORDER ALLOWING CREDITOR TO USE NAME OF ADMINISTRATRIX — CERTIORARI — REMEDY OF CREDITOR — ENFORCEMENT OF ORDER THAT ADMINISTRATRIX SHALL SUE — CONTEMPT. — An order of the superior court directing one of the alleged creditors of an estate to commence and prosecute an action in the name of the administratrix, is without authority under the statute, and will be annulled on *certiorari* by the supreme court, as the creditor has his remedy independently of the administratrix; and the court can compel the administratrix to bring suit in a proper case, and enforce its order by proceedings for contempt.

WRIT of review from the Supreme Court to annual an order of the Superior Court of the city and county of San Francisco, directing an alleged creditor of an estate to commence and prosecute an action in the name of the administratrix. The facts are stated in the opinion of the court.

*W. C. Belcher*, for Petitioner.

PATERSON, J. — The petitioner is administratrix of the estate of E. F. Ohm, deceased. On March 23, 1889, Mrs. Judge filed a petition in the superior court asking for an order directing the administratrix to allow her name to be used in an action to be brought against the surviving wife of the deceased (Augusta L. Ohm), to set aside a conveyance of certain land made by E. F. Ohm in his lifetime to his said wife, with intent to defraud his creditors. It was alleged that at the time of the conveyance E. F. was indebted to sundry persons in the sum of about ninety thousand dollars, including a debt to petitioner of about five thousand dollars; that the conveyance was made without consideration and to defraud creditors; that deceased left no estate — except what was conveyed to his wife as aforesaid — with which to pay the claims of creditors; that the administratrix, though requested to do so, refused to bring suit to set aside the conveyance.

A hearing was had upon the allegations of the peti-

tion, and the court ordered that Mrs. Judge be allowed
to sue in the name of Anna A. Ohm, the administratrix,
on condition that Mrs. Judge defray all expenses of the
action, and save the administratrix harmless therefrom.
Thereupon the administratrix filed a petition herein for
a writ of review, the writ was issued, a return has been
made setting forth the facts substantially as narrated
above, and showing the additional facts in a bill of ex-
ceptions, which is made a part of the return; that in due
time Mrs. Judge presented her claim against the estate
for over five thousand dollars; that the claim was re-
jected, and that she commenced an action against the
administratrix on said rejected claim, which action is
still pending.

The question is presented, therefore, whether a person
whose claim has been disallowed by the administratrix,
and for the establishment of which as a claim an action
is pending and undetermined, is a creditor within the
meaning of section 1590 of the Code of Civil Procedure.
That section reads as follows: "No executor or adminis-
trator is bound to sue for such estate, as mentioned in
the preceding section, for the benefit of the creditors,
unless on application of creditors, who must pay such
part of the costs and expenses of the suit, or give such
security to the executor or administrator therefor, as the
court, or judge thereof, shall direct." Under the pro-
visions of this section, and the provisions of sections
1589 and 1591 of the Code of Civil Procedure, it is clear
that the administratrix would have no right to com-
mence an action to set aside a deed of her intestate as
void against creditors, unless "there is a deficiency of
assets" (sec. 1589), and there are creditors for whose
benefit "all real estate so recovered must be sold." (Sec.
1591.) Any creditor is entitled to maintain an action to
set aside such a fraudulent conveyance (*Hills* v. *Sherwood,*
48 Cal. 392), but he must be a creditor whose claim has
been allowed by the administrator, or is evidenced by a

judgment. *(Mesmer* v. *Jenkins,* 61 Cal. 153; *McMinn* v. *Whelan,* 27 Cal. 300.) And the statute of limitations does not bar an action by the creditor until three years after the judgment establishing the creditor's claim. (*Forde* v. *Exempt Fire Co.,* 50 Cal. 302.)

In New York it is held that the debt must be ascertained by judgment, and that the reason of the rule " does not fail by the death of the debtor before judgment recovered for the debt." (*Estes* v. *Wilcox,* 67 N. Y. 264.) And in Michigan, under statutes similar to our own, it has been decided that until the estate has been charged with claims by allowance or judgment, " there is no basis for a bill against a decedent's fraudulent conveyance in order to recover means to pay them." (*O'Connor* v. *Boylan,* 49 Mich. 209.) To the same effect is the decision of the court in *Fletcher* v. *Holmes,* 40 Me. 364.

It is claimed that the order cannot be annulled in this proceeding; that the court below had jurisdiction of the subject-matter and of the parties, and if it decided wrongfully on the evidence adduced at the hearing, it is a case of mere error, and review will not lie.

If the order of the court directed the *administratrix* to commence an action, it would be conclusively presumed that the evidence taken by the court was sufficient to support the order. The order, however, is not that the administratrix herself commence and prosecute the action, but that Mrs. Judge do so in the name of the administratrix. This gives to Mrs. Judge, one of the alleged creditors, control of an action in the name of the representative of all who are interested in the estate, — heirs as well as creditors. We are unable to find any warrant in the statute for such authority, and no case has been cited which upholds it. There certainly is no necessity for such action. The creditor may bring an action in his own name. The statute does not exclude him, — he has his remedy independently of the admin-

istrator. (*Hills* v. *Sherwood*, 48 Cal. 392.) Furthermore, the court can compel the administratrix to bring suit in a proper case. The statute declares that "the executor or administrator *must* commence and prosecute to final judgment any proper action for the recovery of the same." (Sec. 1589.) Obedience to this mandate and the order of the court may be compelled by proceedings for contempt, or the letters may be revoked and an administrator appointed who will prosecute a proper action.

The order of the court under review herein is annulled.

Fox, J., McFarland, J., and Sharpstein, J., concurred.

Works, J. — I concur in the judgment.