[No. 19461. In Bank.—February 16, 1895.]

# D. W. FIELD, ADMINISTRATOR, ETC., RESPONDENT, *v.* MANUEL ANDRADA ET AL., APPELLANTS.

ESTATES OF DECEASED PERSONS—ACTION TO ENFORCE TRUST IN LANDS—
INCAPACITY OF ADMINISTRATOR TO SUE.—An administrator has no ca-
pacity to bring an action to enforce a trust in lands conveyed by the
decedent in his lifetime, and to compel a conveyance of the legal title.

ID.—FRAUDULENT CONVEYANCE—DEFECTIVE COMPLAINT.—An administra-
tor cannot maintain an action to set aside a deed of his testator as void
against creditors unless it appears from the complaint both that there
are creditors to be paid and that there is an insufficiency of assets in
the hands of the administrator to meet their demands.

ID.—CREDITORS—CLAIMS NOT ALLOWED.—Until the estate has been charged
with claims by allowance or judgment there is no basis for a bill by the
administrator to set aside a fraudulent conveyance against the decedent
to recover means to pay them, and a complaint averring that there are
no allowed claims, but that there are creditors whose claims have not
as yet been presented against the estate, and that the time for the pres-
entation of claims has not yet expired, shows upon its face that there
are no such creditors as are necessary for a recovery.

ID.—INSUFFICIENCY OF ASSETS—PERSONAL PROPERTY TAKEN BY TRES-
PASSERS—PRESUMPTION.—A complaint showing that the personal prop-
erty of the decedent is in the possession of others who claim it as their
own, and against whom a suit for the recovery thereof by the adminis-

trator is pending and undetermined, and which does not allege the amount or value of the personal property, does not show an insufficiency of assets to sustain a suit to set aside a fraudulent conveyance of real estate; but it must be presumed that the personal property of the estate taken by trespassers without right will be recovered by the administrator in the performance of his duty, and that it will be sufficient to meet the demands of the creditors of the estate.

ID.—CONJUNCTIVE SPECIAL DEMURRER—SPECIFICATIONS OF UNCERTAINTY. A conjunctive demurrer on the general grounds of ambiguity, unintelligibility, and uncertainty will be regarded only as a demurrer for uncertainty, where the only specifications made are on the ground of uncertainty.

APPEAL from a judgment of the Superior Court of Los Angeles County.

The facts are stated in the opinion of the court.

*R. Dunnigan*, for Appellants.

*Wells & Lee*, and *Edwin A. Meserve*, for Respondent.

VAN FLEET, J.—This is an appeal from the judgment upon the judgment-roll.

The demurrer to the complaint should have been sustained. The complaint presents something of a double aspect. The action is brought by the administrator of a deceased person to set aside a conveyance of certain real property made by the decedent in his lifetime. There are allegations which lend to the complaint the complexion of an action to enforce a trust in lands and compel a reconveyance of the legal title, while there are other features of the complaint tending to give it the character of an action under section 1589 of the Code of Civil Procedure, to set aside a conveyance made by the intestate in fraud of his creditors. Treating it as an action of the former character, the plaintiff, administrator, had no capacity to sue, and the demurrer on that ground should have been sustained: (*Janes* v. *Throckmorton*, 57 Cal. 387.) In that case it was held that while the administrator is entitled to the possession of the property of the estate, real and personal, during the administration, and can maintain an action for the re-

covery of the possession of all such property, he has no
general power as such to maintain an action to enforce
a trust in lands or compel a conveyance of the *title* to
the property to himself; and that the statute does not
confer upon him any such authority. That was an
action brought by the heirs, and it was objected that it
should have been brought in the name of the adminis-
trator. It is there said: "The present action is brought to
establish a trust and to compel defendant to convey *the
legal title to real estate* to the plaintiffs as heirs at law of
Janes. On his death his title, then an equity, passed to the
heirs, as was held in the cases last cited; and unless it
can be maintained, which we think cannot be done,
that the administrator is entitled under our statute to
have the *title* to the property conveyed to him, it would
seem clear that he is not the proper party to bring this
action."

If the action be regarded as one brought under sec-
tion 1589 of the Code of Civil Procedure to set aside a
fraudulent conveyance and convert the property into
assets of the estate, and subject it to the payment of the
creditors of the deceased—and that such is its intended
character and purpose is practically conceded by re-
spondent—then the complaint is fatally defective for
want of facts, and the demurrer should have been sus-
tained on that ground.

Section 1589 is as follows: "When there is a defi-
ciency of assets in the hands of an executor or admin-
istrator, and when the decedent in his lifetime has
conveyed any real estate or any rights or interests
therein, with intent to defraud his creditors, or to avoid
any right, debt, or duty of any person, or has so conveyed
such estate that by law the deeds or conveyances are
void as against creditors, the executor or administrator
must commence and prosecute to final judgment any
proper action for the recovery of the same; and may
recover for the benefit of the creditor all such real es-
tate so fraudulently conveyed, and may also, for the
benefit of the creditor, sue and recover all goods, chat-

tels, rights, or credits which have been so conveyed by the decedent in his lifetime, whatever may have been the manner of such fraudulent conveyance."

The obvious intent and meaning of this section is that two things must concur to authorize the administrator to commence an action to set aside a deed of his intestate as void against creditors: 1. There must exist creditors to be paid; and 2. There must be an insufficiency of assets in the hands of the administrator to meet their demands. Both of these facts must coexist to bring the case within the limitations of the statute. (*Ohm* v. *Superior Court*, 85 Cal. 545; 20 Am. St. Rep. 245.) If there are no creditors, or there being creditors, the administrator has sufficient assets of the estate in his hands to meet their demands, in either case he is without power to maintain the action.

The only allegation in the complaint as to the existence of creditors of the deceased is "that the time within which claims against the estate of the said Jose Maria Andrada, deceased, can be presented by creditors thereof has not yet expired; that as the plaintiff is informed and believes, and therefore alleges the fact to be, there are creditors of the said Jose Maria Andrada, deceased, who have claims against his estate, but which have not as yet been presented, and who are entitled to present the same, the names of which said creditors and the amounts of said claims are now here by the said plaintiff unknown, and he is unable, therefore, to allege specifically the names of said creditors, or the amounts of said indebtedness."

It is held in *Ohm* v. *Superior Court, supra,* that to constitute a creditor within the meaning of the statute, " he must be a creditor whose claim has been allowed by the administrator, or is evidenced by a judgment." (Citing *Mesmer* v. *Jenkins,* 61 Cal. 153; *McMinn* v. *Whelan,* 27 Cal. 300.)

And in Michigan, under a statute similar to our own, it is held that until the estate has been charged with claims by allowance or judgment "there is no basis for

a bill against a decedent's fraudulent conveyance in order to recover means to pay them." (*O'Connor* v. *Boylan*, 49 Mich. 209.)   To the same effect are the cases of *Fletcher* v. *Holmes*, 40 Me. 364, and *Estes* v. *Wilcox*, 67 N. Y. 264.   Within these principles this averment does not bring the case within the statute.   To the contrary, the matter averred shows that there did not at the commencement of the action exist, within the restricted meaning of the statute, any creditors of the deceased, since it is made affirmatively to appear that no claims had been presented against the estate.   It is not an instance of the mere defective statement of a requisite fact, but a statement from which it appears that the fact essential to recovery does not exist.

Nor does it appear from the complaint that there is an insufficiency of assets in the hands of the administrator.   The language of the pleading in that regard is: "That immediately upon the death of the said Jose Maria Andrada, deceased, the said defendant, Manuel Andrada, and one Marco Andrada also took possession of all the personal property belonging to the said decedent, and ever since have claimed, and now are claiming, the whole of said personal property, and are in possession thereof.   And said defendant, Manuel Andrada, and the said Marco Andrada claim said property as their own property, and a suit for the recovery thereof is now pending between the plaintiff herein against the said defendant, Manuel Andrada, and Marco Andrada, in the superior court of the county of Los Angeles, being case No. 17632 of the files· of said superior court, which suit is as yet undetermined.

"That the said Jose Maria Andrada, at the time of his death did not own or possess any other property, real or personal, whatever, or at all, other than the said real property hereinbefore described, and the said personal property aforesaid."

From this averment it simply appears that the personal property of the estate has been taken by mere trespassers having no right thereto, and which it is

bound to be presumed the administrator, in the performance of his duty, will recover to the estate. For the purposes of this action, therefore, it is to be regarded as in his hands. It is not made to appear what the amount or value of that property is, and, *non constat*, that it will not be amply sufficient to meet the demands of all creditors of the estate. The facts alleged are not in any essential the equivalent of the substantive fact required by the statute to sustain the action.

The respondent contends, in effect, that while the facts adverted to are perhaps defectively stated, that they are sufficiently alleged to avoid a general demurrer, and to authorize the trial court to receive evidence of them. With this contention we do not agree, for the reasons stated. But, if respondent were correct in this view, his position would not be bettered. These features of the complaint were also attacked specially upon the ground of uncertainty, and the demurrer upon that ground would necessarily have to be sustained. The objection that the special demurrer is obnoxious to the doctrine of *Kraner* v. *Halsey*, 82 Cal. 209, and for that reason cannot be considered, is not well taken. While there is in the demurrer a general and conjunctive assignment of ambiguity, unintelligibility, and uncertainty, the only specifications are on the ground of uncertainty; and, properly construed, we think the demurrer should be regarded only as a demurrer on the latter ground.

The judgment is reversed and the cause remanded, with directions to the lower court to sustain the demurrer.

HARRISON, J., GAROUTTE, J., and McFARLAND, J., concurred.