[S. F. No. 1373. Department Two.—March 20, 1899.]

T. H. CALLAHAN, Appellant, v. WILLIAM BRODERICK, Auditor, etc., Respondent.

PLEADING—CONCLUSIONS OF LAW—INSUFFICIENCY OF COMPLAINT—GENERAL DEMURRER.—Under section 426 of the Code of Civil Procedure, the complaint must contain a concise statement of the facts constituting the cause of action, as distinguished from legal conclusions. Allegations of mere conclusions of law tender no issue, and must be disregarded; and a complaint which depends upon such conclusions, and does not state the facts upon which the legal conclusions are based, is insufficient upon general demurrer.

ID.—INSUFFICIENT COMPLAINT FOR INJUNCTION—WARRANTS UPON POLICE RELIEF AND PENSION FUND.—A complaint for an injunction to restrain the auditor from drawing warrants upon the Police Re-

lief and Pension Fund, for certain demands, which are alleged to be "not lawful" and "not allowed by law," and a portion of which are alleged to have been drawn under section 13 of the pension law of 1889, which is alleged to be "unconstitutional and void, because of special legislation and many other reasons," without any averments of the facts from which it can be determined whether the demands are or are not illegal or unauthorized, and without any statement of the character of the demands, from which it could be determined what they were for, is based upon mere conclusions of law, and is insufficient upon general demurrer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   J. C. B. Hebbard, Judge.

The facts are stated in the opinion.

Alfred Clarke, for Appellant.

H. T. Creswell, City and County Attorney, and W. I. Brobeck, Assistant, for Respondent.

CHIPMAN, C.—Injunction.   A demurrer to the amended complaint was sustained, and the court gave judgment for defendant, dismissing the action, from which plaintiff appeals. The amended complaint alleges that plaintiff is a resident of the city and county of San Francisco and a taxpayer therein and a contributor to and beneficiary of the fund mentioned in the complaint; on July 7, 1897, the board of police relief and pension fund commissioners of said city and county "passed and approved, to wit, forty demands on said fund, among which are four demands which are not lawful demands on said fund, and defendant threatens to audit, and is about to audit, said four demands."   Referring to these four demands the complaint proceeds: "They are No. 878, for one hundred and sixty dollars, in favor of J. F. Moran; No. 839, in favor of John Short, for twenty-two dollars; No. 856, for one hundred and fifty dollars, in favor of G. Clinton; No. 857, for one hundred and fifty dollars, in favor of S. Pomeroy.   The Moran demand is for expenses not allowed by law to be paid out of said fund, and does not show on its face the 'title, date, and section of the law under which it is drawn.'   The Short demand is seventy-two dollars in excess of the amount legally due thereon.   The Clinton and Pomeroy

demands are drawn under section 13 of the pension law of 1889, and said section is unconstitutional and void because of special legislation and many other reasons."

The complaint then sets forth that William Alvord, R. J. Tobin, and M. A. Gunst constitute said board of commissioners and allowed and approved said demands; that these commissioners theretofore allowed certain other demands to these same persons, Moran, Short, Clinton, and Pomeroy, for doing which the complaint charges that "they [the commissioners] àre liable to the said city and county"; that defendant is about to audit the demands of said commissioners for their salaries, and it is alleged: "That it is not lawful to audit said demands until said persons shall restore or cause to be restored to said fund the moneys unlawfully drawn from said fund, with the approval and allowance of said commissioners, and they are liable therefor, under section 86 of the consolidation act." Upon the foregoing allegations it is sought to restrain defendant. The demurrer was: 1. For insufficiency of facts; and 2. Want of jurisdiction of the person of defendant or of the subject matter. The latter ground is not urged.

As near as we can determine from the complaint the restraining order is asked on two grounds: 1. Because defendant is about to audit the demands of Moran, Short, Clinton, and Pomeroy; and 2. Because he is about to audit the salary demands of the commissioners.

As to the first of these demands it is alleged that "they are not lawful"; that "the Moran demand is for expenses not allowed by law to be paid out of said fund"; that "the Short demand is seventy-two dollars in excess of the amount legally due thereon"; that "the Clinton and Pomeroy demands are drawn under section 13 of the pension law of 1889, and said section is unconstitutional and void, because of special legislation and many other reasons." These allegations are nothing more than averments of legal conclusions. There are no averments of facts from which it can be determined whether the demands are or are not illegal or unauthorized; there is no statement of the character of the demands from which it can be determined what they were for.

The necessity for a statement of the facts essential to a right

claimed is not obviated by averments of legal conclusions (*Aurrecoechea v. Sinclair*, 60 Cal. 532); for allegations of conclusions of law will be disregarded in considering objections raised by demurrer. (*Ohm v. San Francisco*, 92 Cal. 437.)

A conclusion of law tenders no issue, and a complaint which depends upon such allegations is insufficient and demurrable. (*Branham v. Mayor*, 24 Cal. 585.) The code provision requires a concise statement of the facts constituting the cause of action, not such statement of the law governing it. (Code Civ. Proc., sec. 426.)

Appellant replies that respondent ought not to be permitted to escape investigation on what is by appellant claimed to be a purely technical objection to the complaint, and that the objections go to its uncertainty, if at all, and not to its sufficiency. Most rules of pleading are technical, but they are founded in wisdom and justice; and orderly procedure imperatively demands their reasonable enforcement. The objection of uncertainty goes rather to the doubt as to what the pleader means by the facts alleged, not to the failure to allege sufficient facts. When the facts alleged are insufficient the pleading is to be tested by general demurrer. (Code Civ. Proc., sec. 430.)

As to the salary demands of the said commissioners the complaint is not less insufficient in its allegations of facts. Substantially all that is averred to support the complaint as to the commissioners is that they permitted moneys to be illegally drawn from a fund in their control, and for that reason it is unlawful for defendant to audit their claims for salary.

It was certainly essential that some facts should have been set forth showing the nature and character of the claims alleged to have been illegally allowed by the commissioners, and which would, in some degree at least, tend to show why the commissioners became "liable to the said city and county." It was but a legal conclusion to allege that they became liable "under section 86 of the consolidation act," even if we may assume, what is not alleged, that the consolidation act referred to related to the city and county of San Francisco. Plaintiff no doubt seeks to restrain defendant by force of section 82 of that act, which prohibits the auditor from allowing a demand against the city "in favor of any person or officer in any manner indebted there-

to." Whether the commissioners became "indebted" to the city by their alleged unlawful act, in the sense the term is used in that section, may admit of some question. As to this we express no opinion; nor upon the point as to whether the remedy be not against the commissioners upon their bonds; nor upon the further point suggested by counsel for respondent that the term "indebted" implies a liquidated amount. We think the allegations raised no issue of fact. They were neither more nor less than averments of legal conclusions.

We do not see how the court below could have done otherwise than sustain the demurrer without violating well settled rules of pleading, and therefore advise that the judgment be affirmed.

Haynes, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.　　　　　Harrison, J., Garoutte, J., Van Dyke, J.