[S. F. No. 4960.    Department One.—February 10, 1909.]

## FREDERICK F. LYDEN, Respondent, v. SPOHN-PATRICK COMPANY et al., Appellants.

CONTRACT OF EMPLOYMENT—INTEREST IN NET PROFITS OF BUSINESS AS COMPENSATION—PARTNERSHIP NOT CREATED.—A contract by plaintiff with a business company to devote all his energies to its business, the company agreeing to advance him thereunder two hundred dollars per month as salary, besides incidental expenses, and money

CLV Cal.—12

necessary to purchase goods, all of which sums, including six per cent on purchase money advanced, were to be charged against receipts, and the net profits were to be divided at the end of each month, no interest being given in the partnership property, and no liabilities created for partnership debts, does not create a partnership, but is merely a contract of employment making one half of the net profits the measure of compensation.

ID.—PLEADING—INSUFFICIENT COUNT FOR UNPAID SALARY.—The contract having provided for a term of employment for six months at a time, for the period of three years, on condition that there was no net loss at the end of any period of six months, a count in a complaint for salary unpaid after the end of the first year, which neither avers that there was no net loss at any period of six months under the contract, nor that there were net profits, and that the sum sued for equaled the same, nor that plaintiff was occupied in the business of the company during the period covered by the suit, nor that he offered to do so, and that the company without right broke its contract and refused to comply therewith, nor that there were any other facts showing a right to recover the sum sued for in such count, states no cause of action.

ID.—UNSUPPORTED FINDING AND JUDGMENT BASED ON UNALLEGED BREACH OF CONTRACT.—A finding and judgment based upon a supposed breach of the contract which is not attempted to be alleged in the complaint, are erroneous and invalid, and cannot be sustained.

ID.—PROPER COUNT FOR NET PROFITS—FAILURE TO FIND UPON MATERIAL ISSUE—GROUND FOR NEW TRIAL.—Under a proper count of the complaint to recover alleged net profits due and unpaid under the terms of the contract, alleging continuous employment and performance of the contract on plaintiff's part, and the existence of such net profits, where the answer took issue thereupon, and alleged that during that period plaintiff did not perform his contract to devote all of his energies to the business, but only devoted three hours per day thereto, and spent the remainder of his time in idleness or attention to his own affairs, the averment of the answer raised a material issue, and the failure of the court to find thereupon, is ground for a new trial, and when properly assigned upon the motion for a new trial, requires a reversal both of the judgment and of the order denying a new trial.

ID.—INSUFFICIENT COMPLAINT TO SET ASIDE FRAUDULENT TRANSFER—ATTACHMENT.—No resident creditor who has not established his debt by judgment can maintain an action to set aside a fraudulent transfer; and a complaint which merely alleges the commencement of an action against the debtor, and an attachment therein upon the property involved, and which does not aver that any indebtedness existed from the attachment debtor to the plaintiff, nor that the property was actually transferred, is wholly insufficient to sustain a judgment setting aside the transfer.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. C. B. Hebbard, Judge.

The facts are stated in the opinion of the court.

E. D. Knight, and Otto tum Suden, for Appellants.

E. H. Wakeman, for Respondent.

SHAW, J.—Two separate actions were consolidated in the court below and tried together. The first action was against the Spohn-Patrick Company alone, upon a complaint for the recovery of money on a contract. The second action was begun one week after the first action. It was against the Spohn-Patrick Company, the John H. Spohn Company, and certain persons alleged to be directors of both companies. Its object was to declare fraudulent and set aside a suspected transfer by the Spohn-Patrick Company of all its property to the other company above named.

The complaint for money stated three separate causes of action, in three counts. The first count was for the sum of $3650.33, as one half of the profits alleged to have been made in the business of Spohn-Patrick Company for the six months ending January 11, 1904, conducted by the plaintiff, which share of the profits the plaintiff claimed to be due him under the contract set forth in the complaint, and for an accounting to determine the true amount of such profits. The second count was to recover four thousand two hundred dollars from the Spohn-Patrick Company, alleged to be due the plaintiff under said contract. The third count was for the sum of one thousand four hundred and fifty dollars, alleged to have been laid out and expended by the plaintiff for the use and benefit of the defendant, under the terms of the contract. The court found that there was due the plaintiff, on the first count, $1029.43; on the second count, $1200; and on the third count, $1525.47, making a total of $3754.90, for which sum judgment was rendered against the Spohn-Patrick Company.

The three counts are each based upon the same contract. The material parts of the contract are as follows:—

The company agreed to advance to the plaintiff two hundred dollars per month as salary, with the necessary incidental expenses, including carrying charges on the sales of canned salmon, which constituted the stock in trade, and also the money necessary to purchase the goods. Of the net profits of the business carried on in this manner the company was to receive fifty per cent and the plaintiff fifty per cent, the profits to be divided at the end of each month. The agreement was to continue for six months from its date, which was July 11, 1903, and was to continue thereafter, in consecutive periods of six months each, for three years from its date, if at the end of the first six months and each successive six months, respectively, there should be no net loss to the company. The expenses thus advanced, including the salary, and any other expenses necessary to the business, were to be charged against the receipts, and the company was to have six per cent interest on money advanced in purchase of goods. The company was also to have the right to reject sales and to be the judge of the credit of the parties to whom sales were made. The plaintiff was to devote his entire time and energies in the interest of the business. Failure on the part of either to carry out any portion of the agreement made it null and void at the option of the other party.

The contract did not make the plaintiff a partner in the business. He was to have no title to any of the property and was not liable for any of the debts. His entire interest in the business consisted in his right to receive one half of the profits as his compensation.

The second count fails to state a cause of action. This count, after alleging the execution of the contract, and referring to a copy thereof as an exhibit, proceeds to aver this only: "That under and by virtue of the terms of said agreement there is due and payable to the plaintiff the sum of two hundred dollars per month from the 11th day of January, 1904, amounting in all to the sum of $4200, no part of which has ever been paid, and the whole thereof still remains due and owing and unpaid from defendant to the plaintiff."

Where a complaint contains two or more counts, one of which is good, the objection that the other counts do not state facts sufficient to constitute a cause of action is not waived by a failure to demur. (*Haskell* v. *Moore*, 29 Cal. 438; Code

Civ. Proc., sec. 434.)     The contract does not contain any absolute promise or covenant by the Spohn-Patrick Company to pay the plaintiff any sum of money.    Its obligation to pay would not arise thereunder, except upon certain conditions and the performance by the plaintiff of certain services. The salary of two hundred dollars per month to be advanced to the plaintiff during the time he was occupied in the business, would not be due him unless he had actually engaged in the business, and four thousand two hundred dollars would not be due as alleged, unless he had continued to be so engaged for the period of twenty-one months without payment. If this count is intended to cover the salary for such a period, it should have alleged that the plaintiff had performed, or offered to perform, during that period, or for some period, the services required by the contract.    As the contract itself prescribes that it shall continue in force for six months only, unless the business for the first six months proved profitable, there should have been alleged facts showing its continuance during the time for which compensation is claimed.    If the four thousand two hundred dollars is claimed as a reimbursement for incidental expenses and carrying charges paid by the plaintiff, assuming for the present that he was authorized by the contract to advance such expenses from his own funds, the fact of his advancing and paying such expenses should have been alleged.    If it is claimed to be due as his share of the profits, there should be an allegation that there were profits and a statement of the amount.    None of these facts is alleged either specifically or generally, and for these reasons this count is deficient.

Furthermore, even if there were such allegations, or if the allegations above quoted were sufficient, the findings do not cover them.    The only finding relating to the supposed breach of the contract referred to in this count, is the eighth, which merely states that said company "has never paid to the plaintiff the sum of $200 per month, or any part thereof, for the period of six months from the 11th day of January, 1904, to the 11th day of July, 1904."    Another finding declares that the Spohn-Patrick Company refused to carry on the business at all after the first period of six months, ending January 11, 1904, and that the business was then ended.    The answer denies the averment of the second count above quoted.    It

thus appears that no facts are shown which would entitle plaintiff to the two hundred dollars per month claimed by the second count. He might possibly claim damages for a wrong- ful refusal of the defendant to carry on the business after the first six months, if there was such wrongful refusal, and some expressions in the findings seem to indicate that the court supposed it was giving judgment for this sum on that theory. But there was not even an attempt to allege any such cause of action, and any judgment based on that theory would be erroneous and invalid. This part of the judgment is not sup- ported either by the pleadings or the findings.

The part of the judgment based on the first count is also unsupported by sufficient findings. This count asserts a claim, founded on the contract hereinbefore stated, for one half of the alleged net profits accruing from the business to be car- ried on under the contract, for the first six months' term, ending January 11, 1904. The contract provides that the plaintiff was to devote his entire time and energies to said business. It is perfectly clear that he could not recover, under the contract, the entire compensation there specified unless he had himself substantially performed this covenant. To show such performance, the third paragraph of this first count alleged that the plaintiff entered into the employment of said defendants in accordance with the contract, and re- mained continuously in said employment, carrying out his part of the contract, until January 11, 1904. The answer denied these averments and alleged that, during that period, he falsely represented to said defendant that he was employ- ing his full time in the business, but that, in fact, he occupied himself therein during that time only about three hours each day and spent the remaining hours in idleness and in his own affairs in nowise connected with said business, and that said business required all his time and energy for its proper man- agement. An issue was thus made upon a material fact in- volved in the first count, and it was necessary for the court to make a finding thereon. It made none whatever, but dis- posed of this issue by stating in the findings that the third paragraph of the first count was admitted by the answer. This, as we have shown, is a mistake. Not only does this omis- sion establish a failure of the findings to support the judg- ment, but it also constitutes a failure to find upon a material

issue. This is a ground for a new trial, and is one of the grounds assigned therefor in the defendants' motion for a new trial. This error will therefore require, not only a reversal of the judgment, but also of the order denying the motion for a new trial. (*Great Western G. Co.* v. *Chambers,* 153 Cal. 307, [95 Pac. 151]; *Swift* v. *Occidental etc. Co.,* 141 Cal. 165, [74 Pac. 700]; *Kaiser* v. *Dalto,* 140 Cal. 167, [73 Pac. 828].)

The court also gave judgment for the plaintiff in the second action to set aside a suspected fraudulent transfer from the Spohn-Patrick Company to the John H. Spohn Company. This judgment is founded upon a complaint clearly insufficient. No one but a creditor, or one having some interest or estate in the property, can maintain a suit to set aside a fraudulent transfer. It is the general rule that even a creditor cannot do so until' after he has established his debt by the recovery of a judgment thereon. (*McMinn* v. *Whelan,* 27 Cal. 315; *Ohm* v. *Superior Court,* 85 Cal. 548, [20 Am. St. Rep. 245, 26 Pac. 244]; *Field* v. *Andrada,* 106 Cal. 110, [39 Pac. 323]; *Murphy* v. *Clayton,* 114 Cal. 536, [43 Pac. 613, 46 Pac. 460]; *Aigeltinger* v. *Einstein,* 143 Cal. 609, [101 Am. St. Rep. 131, 77 Pac. 669]; *First Nat'l Bank* v. *Eastman,* 144 Cal. 493, [103 Am. St. Rep. 95, 77 Pac. 1043].) The beginning of an action and the issuance and levy of a writ of attachment therein, does not give the plaintiff a *status* which will enable him to maintain such action. (*McMinn* v. *Whelan,* 27 Cal. 315; *Aigeltinger* v. *Einstein,* 143 Cal. 609, [101 Am. St. Rep. 131, 77 Pac. 669].) There is an exception to these rules in cases where the debtor is a non-resident and where, consequently, no personal judgment can be obtained against him. (*First Nat'l Bank* v. *Eastman,* 144 Cal. 493, [103 Am. St. Rep. 95, 77 Pac. 1043].) This exception is of no consequence here for the defendant is not a non-resident. This complaint does not show that the plaintiff is, or ever was, a creditor of the Spohn-Patrick Company. The only allegations in that behalf are that on November 1, 1905, plaintiff had begun an action in the superior court against that company to recover $9,300.33, upon an agreement in writing between it and the plaintiff, and that on November 4, 1905, plaintiff caused a writ of attachment in said action to be issued and levied on the' property of said defendant. In other parts of

the complaint it is stated that the alleged transfer, if made at all, was made with intent to hinder and defraud plaintiff "as a creditor" of said Spohn-Patrick Company. There is no averment that any money was due or owing on the demand referred to in the attachment suit, nor of any facts to show that any indebtedness existed from said defendant to the plaintiff. The fact that an action is begun to recover an alleged debt, does not establish the existence of the debt, either as a matter of pleading or as a matter of evidence.

It is also necessary in such an action to allege that the transfer complained of has been made. The complaint does not allege that any transfer has been made, but stops with the statement that the J. H. Spohn Company claims to be the owner of the property described, and the prayer is that if any such transfer has been actually made that it be declared fraudulent and set aside. For these reasons the part of the judgment based upon this complaint is erroneous.

Appellants assert that many other erroneous rulings were made, and the voluminous transcript is filled with objections to the actions and rulings of the court below. Many of these proceedings were irregular, to say the least, but the judgment, so far as the first action was concerned, is an entire judgment for a stated sum of money, and as it is in part erroneous on the face of the judgment-roll, it is within the discretion of this court to reverse it altogether. The claim asserted in the last count of the complaint is so connected with those embraced in the first and second counts that, in justice to the defendants, the whole case should be tried anew. For these reasons we have not considered the sufficiency of the evidence to uphold the findings relating to the third count of the complaint in the first action, and we think it useless to discuss the many errors occurring upon the trial which are claimed by the appellants to have been made. Upon another trial it is to be supposed that the injurious proceedings here complained of will be avoided.

The judgment and order are reversed.

Angellotti, J., and Sloss, J., concurred.