[Civ. No. 8738. First Appellate District, Division One.—January 18, 1933.]

HENRY ELMER BUTLER, Appellant, v. H. E. WYMAN, Respondent.

James Snell for Appellant.

A. M. Runnells for Respondent.

THE COURT.—An action to recover damages for personal injuries alleged to have resulted from the negligence of defendants.

Plaintiff's amended complaint alleged, among other things, that on August 23, 1930, he was at a certain ranch near Hollister in San Benito County, and "that at said time and place the said H. E. Wyman and the said defendant Charles Hall directed plaintiff to get in and upon a certain Chevrolet truck then and there driven and operated by defendant Joseph Hall, for the purpose of transporting and conveying said plaintiff from said Charles Hall ranch to said town of Hollister". It was further alleged that plaintiff boarded the truck, whereupon Joseph Hall operated the same in such a grossly negligent manner as to cause injury to plaintiff, and that in so doing defendant last named was the agent and employee of the other defendants, one of whom, namely, Charles Hall, was alleged to have been the owner of the vehicle.

Defendant Wyman filed a general and special demurrer, which was sustained, leave being given to amend. Plaintiff having declined to amend, a judgment dismissing the action as against Wyman was entered. Plaintiff has appealed therefrom and contends that the complaint was sufficient.

The demurrer, among other things, specified that the amended complaint failed to state facts sufficient to constitute a cause of action against demurrant in that it could not be ascertained therefrom "by and under what authority defendant Wyman directed plaintiff to board the truck, or under what duty the plaintiff submitted to the duty alleged". The demurrer concluded with a paragraph alleging the complaint to be uncertain, unintelligible and ambiguous for the same reasons as stated in other paragraphs thereof.

In ruling upon the demurrer it was the view of the trial court that if plaintiff was an employee of Wyman acting within the scope of his employment at the time of the injury, his remedy against this defendant would be under the Workmen's Compensation Act; that the allegation that

the latter directed him to board the truck made the relationship uncertain, and that this uncertainty should be corrected by an amendment; and the court in so ruling made a reference to the original complaint.

As urged by plaintiff, an amended complaint takes the place of the original pleading, which as a general rule ceases to perform any function; and the question of the sufficiency of an amended pleading must be determined without reference to the original (*Bray* v. *Lowery,* 163 Cal. 256 [124 Pac. 1004]; *Russell* v. *Ramm,* 200 Cal. 348 [254 Pac. 532]). As stated, the allegations of the amended complaint, according to the specifications of the demurrer, left it uncertain as to whether appellant was in the employ of Wyman at the time of the accident. While, as contended by plaintiff, the mere fact of employment would not bring him within the provisions of the Workmen's Compensation Act, it being essential in order to have this effect that his injury should have been received while doing the duty he was employed to perform and be suffered as one of the risks connected with his employment, flowing therefrom as a natural consequence and directly connected with his work (*Associated Oil Co.* v. *Industrial Acc. Com.,* 191 Cal. 557 [217 Pac. 744)], yet where these conditions exist the remedy provided by the act is exclusive of all other statutory or common-law remedies (*Alaska Packers' Assn.* v. *Industrial Acc. Com.,* 200 Cal. 579 [253 Pac. 926]).

It is a general rule that a plaintiff need not negative the fact that he is within the act, this being an affirmative defense. (*Behringer* v. *Inspiration Consol. Copper Co.,* 17 Ariz. 232, 149 Pac. 1065; *Kemper* v. *Gluck,* (Mo. App.) 21 S. W. (2d) 922; Id., 327 Mo. 733 [39 S. W. (2d) 330].) Nevertheless the allegation that Wyman directed plaintiff to get upon the truck for the purpose stated inferentially supports the conclusion that the latter was an employee, and, if so, the allegations of what subsequently occurred were reasonably sufficient to bring him within the provisions of the act; and it has been held that if the complaint shows the case to be one covered by the act, then the pleading must show facts bringing the plaintiff within the exceptions thereto (*Michel* v. *American Cinema Corp.,* (Sup.) 182 N. Y. Supp. 588).

It is a cardinal rule of pleading that every statement of fact must be direct and certain and not by way of inference (Bliss, Code Pleading, sec. 313; 21 Cal. Jur., Pleading, sec. 22, p. 41). As the court said in *Callahan* v. *Broderick*, 124 Cal. 83 [56 Pac. 782], such rules are founded on wisdom and justice, and orderly procedure demands their reasonable enforcement. Uncertainty consists in what is said with an uncertain meaning (*Smith* v. *Hollander*, 85 Cal. App. 535 [259 Pac. 958]; *Smallhorn* v. *Freeman*, 61 Mont. 137 [201 Pac. 567], the objection on that ground going to the doubt as to such meaning (*Callahan* v. *Broderick, supra*). Where such is the case some definite construction by averment is required; and while we cannot say that plaintiff intended to evade a full and direct statement of his position, nevertheless his complaint left it uncertain whether what the defendant said constituted a mere invitation or was a direction which as an employee plaintiff was bound to follow, and as a pleading failed to fairly meet the above requirements. Defendant was entitled to be apprised of the facts relied upon; and if his demurrer was sufficient in form we are satisfied that the trial court was correct in its ruling.

The demurrer alleged that by reason of the uncertainty mentioned the complaint failed to state a cause of action, and concluded with a paragraph alleging that ''said complaint is uncertain, unintelligible and ambiguous for the reasons stated in paragraphs II, III, IV and V'', the paragraphs referred to specifying the several grounds of uncertainty relied upon by defendant.

It is the rule that a general demurrer does not reach uncertainty (*Hunt* v. *Jones,* 149 Cal. 297 [86 Pac. 686]); and it has been held that where the grounds are stated conjunctively all the grounds must exist, or the demurrer should be overruled (*Kraner* v. *Halsey,* 82 Cal. 209 [22 Pac. 1137]). However, in *Field* v. *Andrada,* 106 Cal. 107 [39 Pac. 323], the court, in passing upon a demurrer similar in form, said: ''The objection that the special demurrer is obnoxious to the doctrine of *Kraner* v. *Halsey,* and for that reason cannot be considered, is not well taken. While there is in the demurrer a general and conjunctive assignment of ambiguity, unintelligibility and uncertainty, the only specifications are the ground of uncertainty, and properly con-

sidered we think the demurrer should be regarded as a demurrer on the latter ground.''

■ It is urged by plaintiff that there were other grounds for this decision, and that consequently it is not authority for the rule stated; but, as has been frequently held, where independent reasons are given therefor there is no reason for calling one ground the real basis for the decision rather than another (*King* v. *Pauly*, 159 Cal. 549 [115 Pac. 210, Ann. Cas. 1912C, 244] ; *Pugh* v. *Moxley*, 164 Cal. 374 [128 Pac. 1037]). Here the demurrer was closely analogous in form to that involved in *Field* v. *Andrada, supra*, and we are bound by the rule in that case.

We are satisfied that the conclusions of the trial court were correct and that the judgment should be affirmed.

The judgment is affirmed.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on March 17, 1933.