[Civ. No. 20691.   First Dist., Div. One.   Feb. 14, 1963.]

THOMAS OWENS et al., Plaintiffs and Respondents, v. GEARY DRIVE-IN CORPORATION et al., Defendants and Appellants.

William L. Ferdon for Defendants and Appellants.

Raymond H. Shone and Heim Goldman for Plaintiffs and Respondents.

BRAY, P. J.—Defendants appeal from a judgment granting plaintiffs declaratory relief and a judgment for $2,876.24 plus $350 attorney's fees.

## QUESTIONS PRESENTED

1. Is the lease ambiguous as to the payment of "excess" taxes and hence parol evidence should have been admitted? Did the trial court properly interpret the lease?

2. Should this court determine attorney's fees for this appeal?

## RECORD

On May 21, 1952, plaintiffs and defendant Geary Drive-In Corporation, a corporation,[1] entered into a lease of certain premises belonging to plaintiffs. The lease was for a 20-year term commencing March 10, 1953. In 1955, the first year in which there were "excess" taxes, the parties disagreed over the proper interpretation of paragraph 3 of the lease as to the payment of "excess" taxes, each party apparently reserving its rights. In December 1960, plaintiffs again demanded payment of "excess" taxes in accordance with their interpretation of the lease. Defendants denied responsibility therefor. Plaintiffs then commenced this action for said taxes for the years 1958-1959, 1959-1960, and 1960-1961, and for the court's determination that defendants were obligated under the lease to pay "excess" taxes annually in future years. At the trial, defendants contended that the lease is ambiguous and sought to introduce parol evidence for its interpretation. The court refused to admit the evidence, holding the lease to be unambiguous. It then construed the lease adversely to defendants, gave plaintiffs judgment for the accrued "excess" taxes and for attorney's fees, and declared that plaintiffs were entitled

---

[1]The connection of defendant D & W Food Corporation, a corporation, with the lease is that said defendant guaranteed performance by the other defendant.

to such taxes as they accrued during the remainder of the term of the lease.

1. *Lease is not ambiguous, and was properly interpreted.*

Paragraph 3 of the lease is the one in controversy. It provided for a monthly rental of $850 (later by addendum increased to $975). It further provided that lessee was to pay annually, and in addition to the rent payments, the amount of any taxes levied by the City and County of San Francisco which would be in excess of the taxes levied for the fiscal year in which the real property with completed improvements was first fully assessed. (The lease provided for certain improvements to be constructed by the lessor.) Thus, the lessor was to pay the taxes on the real property and the completed improvements, but only in the amounts that they were at the time of the first fiscal assessment. Any tax in future years in excess of that basic tax was to be paid by lessee. For convenience this additional tax is referred to as "excess."

The last subparagraph of paragraph 3 provides the real bone of controversy. It reads: "It is further agreed that Lessee will also pay to Lessors monthly the amount, if any, by which Five Per Cent (5%) of the Lessee's gross sales for any month shall exceed the fixed installment of rental for that month, plus excess taxes as set forth above."

At the trial, defendants contended that the lease is ambiguous and offered evidence to prove that the intention of the parties was that percentage rental in any month would be payable only if 5 per cent of the gross sales for that month exceeded the minimum rental plus 1-12th of the year's excess taxes. Plaintiffs contended and the court found that the terms of the lease were not ambiguous, and that the proper interpretation was that the full amount of excess taxes were to be paid regardless of whether the monthly rental was the fixed or the percentage rental.

The court correctly found that the lease is not ambiguous. "Ambiguous" means doubtful, equivocal, or uncertain. (See *Kraner* v. *Halsey* (1889) 82 Cal. 209, 212 [22 P. 1137].) Not being ambiguous, extrinsic evidence is not admissible. "If the language of the instrument is clear and explicit the intention of the parties must be ascertained from the writing alone. Parol evidence is admissible only where the language used is doubtful, uncertain or ambiguous and only then in cases where the doubt appears upon the face of the con-

tract." (*Eastern-Columbia, Inc.* v. *System Auto Parks, Inc.* (1950) 100 Cal.App.2d 541, 545 [224 P.2d 37].) ▮▮▮ The first portion of the subparagraph simply provides that the lessee will pay the amount by which 5 per cent of the gross sales exceeds the fixed rent. The second portion is set off by a comma, and modifies the preceding clause by providing that "excess" taxes which the lessee has agreed to pay in another portion of paragraph 3 are to be paid in addition to the payment of 5 per cent of gross.

For the sake of internal consistency within the agreement, the court's interpretation appears to be proper. Nothing is indicated from the face of the lease which would cause the interpretation that the lessee be liable for excess taxes only in the instance where just the minimum rental is payable, and not where the 5 per cent figure is payable. Moreover, the payment for excess taxes is to be based on the taxes as levied yearly, whereas the rent requires a monthly computation. If defendants' interpretation were adopted, it would require that excess taxes be determined in advance of the time they were levied in order that they be prorated monthly and credited against that month's rental payment. If the parties had so intended, "they could have so provided and to add any such language would be to rewrite the agreement." (*Eastern-Columbia, Inc.* v. *System Auto Parks, Inc., supra,* 100 Cal.App.2d 541, 545.) Defendants' construction is not a reasonable interpretation.

The absurdity of such an interpretation appears when one considers what would be the situation where there was one or more months in which the 5 per cent did not exceed the minimum rental. Would this mean that for the latter month or months defendants would be relieved from paying aliquot portions of the excess taxes while paying portions in the months where the percentage did exceed the minimum?

▮▮▮ Where, as here, no extrinsic evidence was used in the interpretation of the instrument and its interpretation is derived solely from the terms of the instrument, this court is not bound by the trial court's construction. (See *Estate of Platt* (1942) 21 Cal.2d 343, 352 [131 P.2d 825]; *Estate of Norris* (1947) 78 Cal.App.2d 152, 159 [177 P.2d 299].) ▮▮▮ Exercising our right in that respect, we hold that the lease is not ambiguous and that the trial court properly interpreted it.

Defendants have raised a number of other contentions, none

of which are material in view of our decision that the lease is not ambiguous, and need not be considered further.

2. *Attorney's fees.*

■ The award by the trial court of attorney's fees was in accord with a provision in the lease. Plaintiffs seek attorney's fees for this appeal. This, too, is in accord with the terms of this lease. However, the trial court is in a better position than this court to determine the amount to be granted plaintiffs. (See *California Viking Sprinkler Co.* v. *Cheney* (1960) 182 Cal.App.2d 564, 571-572 [6 Cal.Rptr. 197]; *Oakland Cal. Towel Co.* v. *Roland* (1949) 93 Cal.App. 2d 713, 718-719 [209 P.2d 854].)

The judgment is affirmed. The case is remanded to the trial court to determine the amount of attorney's fees to be allowed plaintiffs on this appeal.

Sullivan, J., and Molinari, J., concurred.