[L. A. No. 3637.    Department One.—April 5, 1916.]

## GEORGE W. PORTER, Respondent, v. ANNA JOHNSON, Appellant.

ESTOPPEL—BONA FIDE PURCHASER—POSSESSION—CONVEYANCE BY AP-
PARENT OWNER OF FEE—CONSENT OF OWNER TO CONVEYANCE.—
An owner of land in possession, who after deeding it as security
for an indebtedness to the grantee and receiving back a contract
for a reconveyance upon making stipulated payments, authorizes
the grantee to sell the land and apply the proceeds on the indebted-
ness, and notifies an innocent purchaser of her consent to a sale
to him, is estopped to deny the title of the latter.

ID.—POSSESSION AS NOTICE—INQUIRY BY PURCHASER.—Under such cir-
cumstances, the possession of the owner did not impose on the pur-
chaser the necessity of prosecuting further inquiry as to her claim.

ID.—PARTIES—ACTION AGAINST WIFE—HUSBAND LIVING SEPARATE AND
APART.—A husband who has deserted his wife and is living sepa-
rate and apart from her, is not a necessary party defendant to an
action against her.

APPEAL from a judgment of the Superior Court of Los
Angeles County, and from an order refusing a new trial.
Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

Constan Jensen, for Appellant.

Parker & Moote, for Respondent.

SHAW, J.—The defendant appeals from the judgment, and
from an order denying her motion for new trial.

The complaint states a cause of action to recover possession
of a lot in Los Angeles. The defendant was formerly the
owner of the lot. The plaintiff derives title under a deed
executed by the defendant conveying the lot to the Maine
Building and Investment Company, dated July 19, 1911, and
a subsequent deed from the investment company to the
plaintiff.

The defendant's claim is that the deed executed by her to
the investment company was made to secure the company in
the repayment of money expended by it on her behalf in the
erection of a house on the premises, and that the legal effect

of the transaction was to create only a mortgage in favor of said investment company. After the execution of the deed to the investment company, that company executed to the defendant a contract for the sale of the property from the company to the defendant for the price of $7,150, payable in installments of fifty dollars a month until three thousand five hundred dollars should be paid, whereupon the company was to reconvey the property to the defendant and take back a mortgage for the remainder of the price.

In reply to this the plaintiff's contention was that the defendant was wholly unable to pay the installments due upon the contract to the investment company, or otherwise to comply with the terms thereof, and that she requested the investment company to take the property off her hands, and relieve her of the burden thereof, and authorized and empowered it to sell and convey the same, apply the proceeds on the indebtedness for the erection of the house and pay the surplus, if any, to the defendant; that in pursuance of said request and authority, and with the acquiescence and consent of the defendant, the investment company, on March 19, 1912, sold and conveyed the said property to the plaintiff, that the plaintiff was informed by defendant that she consented to said sale, and was not informed of any claim or interest in said real estate on the part of the defendant other than that shown by the deed and contract, but believed that the investment company was the owner of the title in fee and was authorized to sell the same free from defendant's claims under the contract, and that he purchased the property and paid the price therefor in good faith and without knowledge of any right or claim of plaintiff.

The facts above stated are found by the court, and they are fully supported by the evidence in the case. The defendant's testimony contradicted the evidence of the plaintiff on the subject, but this merely raised a conflict which it was the province of the lower court to determine, and we cannot interfere with its solution of the question. Under the facts stated the defendant was clearly estopped to deny the title of the plaintiff to the property.

The defendant relies on decisions to the effect that possession by her was notice of her claim sufficient to put the plaintiff upon inquiry at the time of his purchase. This proposition is not disputed. The answer is that under the

circumstances as appearing to the plaintiff and under the statements made by the defendant herself, there was no occasion for inquiry. The possession of the defendant was fully explained, and it was in no manner inconsistent with the proposition that the investment company owned the legal title and was selling it with the consent and for the benefit of the defendant. The principle contended for is well established but it has no application to the present case.

The defendant in her answer also alleged that her husband was not made a party to the action. It appeared, and the court found, that at the time the action was begun, and ever since, the defendant was living separate and apart from her husband because of his desertion of her. He was, therefore, not a necessary party to the action. (Code Civ. Proc., sec. 370.)

The judgment and order are affirmed.

Sloss, J., and Lawlor, J., concurred.