# A. L. JAMES, AS RECEIVER OF THE FIRST NATIONAL BANK OF GRIDLEY, INSOLVENT

## VS.

## J. A. SCHAEFER et al.

### SUPERIOR COURT, COUNTY OF BUTTE

( Fraudulent Conveyances; Non-residents; Jurisdiction )

October 25th, 1923.

---

Suit by A. L. James, as Receiver of the First National Bank of Gridley, an insolvent corporation, against J. A. Schaefer and wife Clara E. Schaefer, to set aside a transfer of property. Defendants motion to dismiss action overruled. Plaintiffs motion for trial of cause sustained.

---

1. FRAUDULENT CONVEYANCES — NECESSITY OF UNSATISFIED JUDGMENT — EXCEPTION — QUASI IN REM PROCEEDINGS.

The rule that before a court has jurisdiction to entertain an action to set aside an alleged fraudulent conveyance the plaintiff must have procured a judgmenet against the debtor and must show that he has been unable to collect his judgment by execution, has its exceptions, one being where the debtor has fraudulently transferred the property to his wife and both are non-residents of the state and the property must be attached to get constructive service of summons.

2. JUDGMENT — ERRONEOUS RECITAL HELD NOT TO INVALIDATE.

An erroneous recital in the preamble of a judgment that the defendants were each duly and regularly served with summons cannot vitiate or invalidate a personal or money judgment entered upon default where defendants' apearance was duly and regularly entered by filing demurrers by their attorney of record.

3. EQUITY — NON-RESIDENT DEFENDANTS — RETENTION OF JURISDICTION AFTER APPEARANCE.

Where an action was brought against debtor, vendor, and his purchaser, both non-residents, by attachment and constructive service prior to any judgment against debtor and showing of inability to collect thereon, to set aside such conveyance as

fraudulent, the fact that defendants appeared by attorney and filed demurrers to the complaint would not prevent completion of the proceedings because plaintiff became entitled to a personal judgment since equity may retain jurisdiction procured for one purpose and decide all issues involved.

**4. FRAUDULENT CONVEYANCES — NON-RESIDENT DEBTOR — PROCEEDING QUASI IN REM — EFFECT OF DEFENDANTS APPEARANCE.**

A plaintiff may without showing a judgment against the debtor and inability to collect same, sue a non-resident debtor and his purchaser, attaching the property and getting constructive service and such suit cannot be defeated by defendants voluntarily appearing in the case and urging that action is now personal, and a judgment must be obtained against debtor before the fraudulent conveyance can be set aside.

---

**H. D. Gregory, Judge.**

---

## In the Superior Court of the State of California
## In and for the County of Butte.

A. L. James, as Receiver of the First National Bank of Gridley, an Insolvent Corporation.    Plaintiff,

vs.                                        No. 9157.

J. A. Schaefer and Clara E. Schaefer,    Defendants.

This is an action in equity in the nature of a creditor's bill by the Receiver of the defunct First National Bank of Gridley, California, seeking to recover from the Defendant, J. A. Schaefer, the former President and Manager of said Bank, certain sums of money.

At the time of the institution of the suit by the filing of the complaint both the defendant J. A. Schaefer and the defendant Clara E. Schaefer, wife of J. A. Schaefer, were non residents of the State of California and actually resided in the State of Indiana. The Plaintiff, after setting out his cause of action seeking to recover a money judgment also alleged that the only property which the defendant J. A. Schaefer was

possessed of in the State of California was the property described in the complaint and alleging that the defendant J. A. Schaefer, after he had become indebted to the bank in a large sum of money, fraudulently and for the purpose of hindering, delaying and defrauding the Bank and preventing it from collecting its said debt against him, fraudulently conveyed the said real estate, lying and being in Butte County, State of California and set out and described in the complaint, to his wife Clara E. Schaefer, and that shortly thereafter both defendants departed from California and took up their residence in the State of Indiana. There was constructive summons for the defendants which was properly, duly and regularly had in this court by the plaintiff, and after the proper time had elapsed on the said constructive summons, the defendants, not having been served with any process or summons whatever and not being personally before the court, appeared through their attorney by the filing of a demurrer to the complaint. The said demurrer was sustained for some defect and the plaintiff thereafter filed an amended complaint and finally a second amended complaint on which the case is now tried.

The demurrer of the defendants to the second amended complaint was duly overruled and the defendants thereafter failed to answer. Thereafter the plaintiff filed a motion in this court and cause for a judgment on the face of the papers. About the same time but thereafter the defendants, through their attorney, filed a motion to dismiss the cause because it was not a proper action in which to seek the setting aside of the conveyance from the defendant husband to the defendant wife.

It is true that the rule in this State and in all jurisdictions has been and is now that before a court has jurisdiction to entertain an action to set aside an alleged fraudulent conveyance under the circumstances set out in the instant case there must have been a judgment against the debtor and a showing that the plaintiff has been unable to collect his judgment by exe-

cution which is usually done by issuing an execution upon the judgment and a return of no property found by the Sheriff.

However there are exceptions to this rule.    This is clearly set out in detail by the Supreme Court of this State in First National Bank of Riverside vs. Eastman, et al., 144 Cal. 487.    This rule is also ap proved in Lyden vs. Shohn, 155 Cal. 183.

Counsel urges very earnestly that in a later decision of the Supreme Court, Roberts vs. Buckingham, 172 Cal. 456, in an opinion of Justice Shaw, that the Court held that even against a non-resident the creditor must first prosecute his suit at least so far as to obtain some specific lien as of attachment upon the property, but in that case the circumstances were quite different and it was merely dictum and not necessary for a decision in that case.    The rule set out in First National Bank of Riverside vs. Eastman, Ib, is an old established rule governing a proceeding in rem which the instant case was at its incipiency.    Both defendants were alleged to have, immediately after the alleged fraudulent transfer, removed from the State of California and became citizens of the State of Indiana where, it is alleged, they were residing at the time of the filing of the action and consequently it was a case that the plaintiff had no power to reach them upon the process of the local court and therefore the plaintiff could not bring an action in which he could rely upon obtaining a personal judgment against the defendant J. A. Schaefer and must, if he proceeded at all, proceed by an action in rem in which he could show that the Bank of which he was receiver was a creditor of the said J. A. Schaefer to subject the real estate in California to the payment of so much of the debt or all of it if the real estate was sufficient so to do as would satisfy the plaintiff's claim.

It has been suggested that the defendants later appeared in said court through their attorney by way of filing demurrers which they did but failed to answer. Thereupon a default was entered and later on the 27th

of September the plaintiff had the clerk of this court enter a default judgment for a personal or money judgment against the defendant J. A. Schaefer upon which the Sheriff later made a return of no property found.    The plaintiff is entitled to that judgment and was at the time the Clerk so entered it.    However, one recital in the preamble of the judgment is not correct wherein it is stated that the defendants were each duly and regularly served with summons, but their appearance was duly and regularly entered by the filing of the demurrers through and by their attorney who appeared as an attorney of record in the case and was so according to his affidavit filed at the time of filing the demurrers.    The erroneous recital cannot vitiate or invalidate in any way the judgment so entered.

It has been suggested that the fact that the defendants later appeared and entered their appearances would create a condition by which the plaintiff was enabled to have a personal judgment against the defendant J. A. Schaefer and therefore not be entitled to conclude their action in rem for the purpose of setting aside the deed from J. A. Schaefer to his wife Clara E. Schaefer.    However, it has long been a well known principle of law that where equity once attaches that it cannot be defeated or ousted by a change either in law or conditions of the case.    As set out in Pomeroy's Equity Jurisprudence, 4th Edition, Section 237, the rule herein quoted will be found on page 374 as follows:

> "If a court of equity obtains jurisdiction of a suit for the purpose of granting some distinctly equitable relief, such, for example, as the specific performance of a contract, or the rescission or cancellation of some instrument, and it appears from facts disclosed on the hearing, but not known to the plaintiff when he brought his suit, that the special relief prayed for has become impractical, and the plaintiff is entitled to only alternative relief

> possibly of damages, the court then may, and generally will, instead of compelling the plaintiff to incur the double expense and trouble of an action at law, retain the cause, decide all the issues involved, and decree the payment of mere compensatory damages."

This rule is sustained by a long list of many decisions from the courts of last resort of many different jurisdictions.

The plaintiff brought his suit in good faith that he would be unable to get either defendant before the court and unable to get a personal judgment against the defendant J. A Schaefer which entitled him under the rule in First National Bank vs. Eastman, Ib., to a proceeding in rem to subject the real estate of the defaulting defendant to the payment of his claim and it would be a peculiar thing if the defendant could defeat such purpose by afterwards entering his appearance.

The motion of the defendants to dismiss the action is overruled.     The plaintiff's motion for a trial of the cause is sustained and Monday, November 5th, 1923, at 1:30 o'clock P. M. is now set as the time for trying this the said cause.

October 25th, 1923.

H. D. Gregory, Judge of the Superior Court.

Oroville, California.