[Civ. No. 1527. Second Appellate District.—May 18, 1914.]

## ALLIS WOLBRECHT, Appellant, v. S. ANNE FRENCH et al., Respondents.

FRAUDULENT CONVEYANCE—PREFERENCES—PAYMENT OF CASH DIFFERENCE BY CREDITOR.—A creditor receiving a preference from his debtor must take only enough property to satisfy his debt; where he bargains to pay an added cash difference which is desired to be used by the debtor for his own purposes, such fact invalidates the entire transaction and renders the conveyance voidable as against protesting creditors.

ID.—CONVEYANCE TO CREDITOR OF AMOUNT IN EXCESS OF DEBT—WHEN SUSTAINABLE.—In order to sustain a conveyance of a greater amount

of property than might be necessary to satisfy the demands of the creditor receiving the preference, it must be made to appear that the property is of such a nature as to make its severance or division impracticable, or that the debtor intends in good faith to use the proceeds derived therefrom in satisfaction of debts owing to other debtors.

ID.—HUSBAND AND WIFE—FRAUDULENT PREFERENCE OF WIFE AS CREDITOR.—Where it appears, in an action by a creditor to set aside as fraudulent a conveyance by a man to his wife, that she had knowledge of the fraudulent intent of her husband in making the conveyance and participated in the carrying out of that fraud by arranging to take the title out of the reach of the protesting creditor and to give back to the husband a sum of money greater than the amount of the indebtedness found to be owing by him to her, it is error for the court, in setting aside the conveyance, to give her a lien for money previously advanced by her to her husband.

APPEAL from a judgment of the Superior Court of San Diego County. W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Haines & Haines, for Appellant.

L. E. Dadmun, for Respondents.

JAMES, J.—Appellant is a judgment creditor of respondent W. D. French. S. Anne French is the wife of the latter. On October 5, 1908, W. D. French was indebted to appellant in a large sum of money, and on the seventh day of July, 1910, appellant brought an action to secure judgment on account of that indebtedness. Writ of attachment was issued therein and levy made upon the interest of respondent W. D. French in a certain lot of land in the county of San Diego. This action progressed to judgment, which was rendered on April 20, 1911, in appellant's favor for the principal sum of $1482.50. Execution was issued on the judgment and, prior to the commencement of this action, was returned by the sheriff wholly unsatisfied. On August 26, 1909, respondent W. D. French had executed to his wife a grant deed purporting to convey his interest in the land upon which attachment was levied, but this conveyance was withheld from record until September 28, 1910, some months after appellant commenced her action against respondent W.

D. French. At the date of the conveyance by French to his wife he was indebted to her in the sum of three hundred dollars upon two certain promissory notes theretofore given by him, and the further sum of fifty dollars, money advanced by his wife to him at various prior times. At all times prior to the making of the conveyance by French to his wife, and at all times subsequent thereto, respondent W. D. French was wholly insolvent, and his wife at the time she accepted the conveyance from him knew of that fact and knew of the indebtedness of her husband to appellant. The instrument of conveyance was in form an absolute deed and was made pursuant to the agreement of S. Anne French that it should be in satisfaction of the antecedent indebtedness due by the husband of the sum of three hundred and fifty dollars, and in further consideration that one hundred dollars in money should be advanced by her to him, and the further consideration that the property should be mortgaged and the sum of three hundred dollars secured by such mortgage should be delivered to respondent W. D. French for his use. The wife, at the time of the making of the deed and the agreement, had knowledge of the purpose of her husband to hinder, delay, and defraud the plaintiff from the enforcement of her demand against the land so conveyed, and with that knowledge proceeded to carry out the agreement mentioned. One James H. Parker, did make a loan of three hundred dollars upon the interest of the Frenches in the property, without knowledge, however, of any intent on the part of the mortgagors to hinder, delay, or defraud the plaintiff. After appellant obtained her judgment in the action hereinbefore referred to, and had failed to secure satisfaction thereof by execution, she brought this suit to secure a decree declaring null and void the conveyance made by French to his wife as being in fraud of her rights as a creditor. The court in the findings which were filed determined the facts to be in substance as they have been hereinbefore set forth. In the conclusions of law, however, it was determined that appellant's lien against the property was subject to the lien of S. Anne French for the total amount of money which she had advanced to her husband before, at, and after the date of the conveyance mentioned, and subject also to the lien of the mortgage made to James H. Parker. The

appeal was taken from that portion of the judgment which adjudges that S. Anne French is entitled to a lien upon the premises described therein. No brief has been filed on the part of respondents, and no oral argument was made on their behalf.

Appellant insists that the conveyance to the wife by the husband, under the condition of the facts as found by the trial judge, was wholly void and conferred no title as against appellant's claim as an existing creditor, citing, among other cases, *Burke* v. *Koch,* 75 Cal. 356, [17 Pac. 228], and section 3439 of the Civil Code, which provides that every transfer of property or charge made thereon, "with intent to delay or defraud any creditor or other person of his demands, is void against all creditors of the debtor, and their successors in interest." It should be remembered that the court determined that S. Anne French took the conveyance from her husband with full knowledge of his insolvency and with full knowledge that he intended thereby to prevent the plaintiff from securing satisfaction of her debt. Conveyances have sometimes been upheld which have the effect of giving preference to one creditor over another. It is established as a rule, however, that such creditor receiving preference must take only enough property to satisfy his debt, and that where he bargains to pay an added cash difference which is desired to be used by the debtor for his own purposes, such fact invalidates the entire transaction and renders the conveyance null and void as against the protesting creditor. In order to sustain a conveyance of a greater amount of property than is necessary to satisfy the demands of the creditor receiving preference, it must be made to appear that the property is of such a nature as to make its severance or division impracticable, or that the debtor intends in good faith to use the proceeds derived therefrom in satisfaction of debts owing to other creditors. Appellant has called attention to several decisions which affirm these propositions: *Sly* v. *Bell,* 131 Iowa, 184, [117 Am. St. Rep. 417, 108 N. W. 227]; *Jackson* v. *Citizens Bank & Trust Co.,* 53 Fla. 265, [44 South. 517]. The court here found in effect, not only that the wife had knowledge of the fraudulent intent of her husband in making the conveyance to her, but that she participated in the carrying out of that fraud by arranging to take the title out

of the reach of appellant and to give back to the husband a sum of money greater than the amount of the indebtedness found to be owing by him to her.  Upon the facts as found, the court erred in determining that the right of appellant to have subjected to the payment of her debt the real property described in the complaint, was subject to the lien of S. Anne French as security for the payment of any amount of money.

The judgment is reversed, with direction to the court to enter, upon the findings of fact as made, such a judgment as is consistent with the conclusions announced in this opinion.

·Conrey, P. J., and Shaw, J., concurred.