[L. A. No. 3650. Department One.—April 5, 1916.]

CHARLES A. B. ROBERTS, Respondent, v. JOSEPH G. BUCKINGHAM, Defendant, Cross-complainant and Respondent; ELIZABETH BUCKINGHAM et al., Defendants; C. B. WILLIAMS, Defendant and Appellant.

CREDITOR'S BILL—CLAIM MUST BE REDUCED TO JUDGMENT—DEBTOR NONRESIDENT OF STATE.—A creditor's bill to set aside an alleged fraudulent conveyance by the debtor must show that the plaintiff has reduced his claim to the form of a judgment, notwithstanding the debtor is a nonresident of the state.

ID.—CROSS-COMPLAINT BY DEBTOR—APPEARANCE BY FRAUDULENT GRANTEE—WAIVER OF OBJECTION TO CROSS-COMPLAINT.—Where such action, brought against the debtor and his grantee, is in legal effect a mere action to recover money due from the debtor on a contract, and the debtor files a cross-complaint therein, alleging that he executed the alleged fraudulent conveyance, and that the grantee had reconveyed the property to him by an unrecorded deed, the full appearance of the grantee to such cross-complaint is a waiver by him of all objections based on the ground that the cross-complaint was improper in such action.

ID.—RECONVEYANCE BY GRANTEE TO DEBTOR—GRANTEE NOT INTERESTED IN JUDGMENT AGAINST DEBTOR.—Such grantee, having reconveyed the land to the debtor, had no further interest therein or in the case, and was not injured by, nor in any manner concerned with, a personal judgment in favor of the plaintiff against the debtor, or with a declaration therein making the judgment a lien on the land.

ID.—FRIVOLOUS APPEAL—DAMAGES.—Damages are awarded against such grantee for prosecuting a frivolous appeal from such judgment.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Eugene P. McDaniel, Judge.

The facts are stated in the opinion of the court.

D. Z. Gardner, and Paul Schenck, for Appellant.

Edward L. Payne, for Plaintiff and Respondent.

Trask, Norton & Brown, for Cross-Complainant and Respondent.

SHAW, J.—The defendant, C. B. Williams, has appealed from the judgment upon the judgment-roll alone.

The complaint alleges that the defendant Joseph G. Buckingham is indebted to the plaintiff in divers sums amounting to $912; that he is a nonresident of the state of California; that on March 18, 1910, Buckingham, for the purpose of defrauding the plaintiff and others of his creditors, conveyed certain described real estate to the defendant C. B. Williams, who took the same in furtherance of the fraudulent purpose of Buckingham.   Judgment is prayed for the amount of the indebtedness, and that the deed so made to Williams be declared fraudulent and void as against plaintiff.   There was no demurrer to the complaint.

So far as this complaint attempted to state a cause of action to set aside the alleged fraudulent deed it was defective for the reason that it did not show that the plaintiff had established his debt against Buckingham by reducing it to the form of a judgment.   (Civ. Code, sec. 3441; *Aigeltinger* v. *Einstein,* 143 Cal. 609, [101 Am. St. Rep. 131, 77 Pac. 669]; *McMinn* v. *Whelan,* 27 Cal. 315; *First National Bank* v. *Eastman,* 144 Cal. 487, [103 Am. St. Rep. 95, 1 Ann. Cas. 626, 77 Pac. 1043]; *Lyden* v. *Spohn-Patrick Co.,* 155 Cal. 177, 183,

[100 Pac. 236]; *Sewell* v. *Price,* 164 Cal. 265, 270, [128 Pac. 407].) The allegation that Buckingham was a nonresident of the state does not cure the defect. The cases cited establish the proposition that even against a nonresident the creditor must first prosecute his suit so far, at least, as to obtain some specific lien, as by attachment, upon the property.

Buckingham filed a cross-complaint against the other parties to the action, alleging that he had executed the conveyance to Williams, being the one referred to in the complaint of Roberts, but that immediately thereafter Williams and his wife had executed a reconveyance of the property to Buckingham, and that it was agreed between them that the reconveyance should not be recorded. Buckingham further alleged that the conveyance to Williams was given in trust to enable Williams to mortgage the property for $3,750, pay a prior mortgage of two thousand dollars therewith, and pay over the balance of $1,750 to Buckingham. The court made findings in substance that the deed from Buckingham to Williams was executed on March 18, 1910, as alleged, that it was made and received with intent to defraud the creditors of Buckingham; that on the same day Williams and his wife reconveyed the property to Buckingham; that said reconveyance was not acknowledged, but that it was duly delivered and was a valid conveyance, and that it was understood between the parties that it should not be recorded. With respect to the amount due from Williams to Buckingham on account of the mortgage, for which Buckingham asked an accounting, the court declared that it was unable to determine how much was unpaid. The judgment does not give Buckingham any relief on that account. Thereupon the court gave judgment for $912, and interest, in favor of the plaintiff against Buckingham, and further adjudged that the deed from Buckingham to Williams was given with fraudulent intent and was void; that the property was reconveyed by Williams to Buckingham; that said reconveyance was valid, and that the title to the real property was then, and at all times thereafter, vested in the said Buckingham, and subject to the claim of the plaintiff, and further that the said judgment of plaintiff against Buckingham was a lien on said real property.

The cross-complaint states a cause of action within the jurisdiction of the court. The full appearance thereto by Williams without objection was a waiver by him of all objections, if

any there could be, on the ground that it was not a proper cross-complaint to an action to recover money on a contract. The judgment given was an appropriate judgment in response to the cross-complaint of Buckingham, and it is supported by the findings thereon.   So far as the controversy between Williams and Buckingham is concerned, the appeal is utterly devoid of merit.

The facts stated also show that Williams is not aggrieved by the personal judgment for money against Buckingham in favor of plaintiff.   He had no interest in the controversy, except in virtue of his claim under the deed from Buckingham to him.   Since the judgment that the land is now vested in Buckingham and not in Williams was properly given, it follows, necessarily, that Williams has now no interest in the case, and is not injured by, nor in any manner concerned with, the personal judgment of Roberts against Buckingham. The declaration that said judgment was a lien on the land did not injure Williams, since he had no interest therein.   Moreover, the statute makes it a lien on Buckingham's land and the declaration to that effect was useless.

The appellant has allowed his case to be presented upon a record which shows that he was causelessly endeavoring to obstruct justice in the court below; that the judgment deprives him of no right or claim to which he was lawfully entitled, and that his prosecution of this appeal is nothing other than a continuation of his obstructive efforts.   We can conceive of no object he could have had in taking the appeal unless it was to obtain some undue delay.   It is a proper case for the imposition of damages.

It is ordered that the judgment be affirmed; that the defendant, Joseph G. Buckingham, recover of the appellant, C. B. Williams, in addition to his costs, the sum of one hundred dollars as damages, and that all the respondents recover their respective costs on this appeal.

Sloss, J., and Lawlor, J., concurred.