[Civ. No. 2866. Third Appellate District.—December 24, 1924.]

A. L. JAMES, as Receiver, etc., Respondent, v. J. A. SCHAFER et al., Appellants.

[1] FRAUDULENT CONVEYANCES — NONRESIDENT DEBTOR — CREDITOR'S BILL—EXISTENCE OF SPECIFIC LIEN.—Before a creditor's bill to set aside an alleged fraudulent transfer will lie against a nonresident debtor, the creditor must have established some specific lien upon the property alleged to belong to the debtor, and withdrawn from execution by some act which obstructs the legal process, to which the creditor has shown himself entitled before the institution of suit to set aside the conveyance.

[2] ID.—PLEADING — JUDGMENTS — JURISDICTION.—Where a complaint states a cause of action against a nonresident debtor for money had and received, the appearance of such debtor by general demurrer on the ground that no cause of action is stated gives the court jurisdiction to enter against him a personal judgment, notwithstanding that the complaint does not state a cause of action for equitable relief from an alleged fraudulent transfer of the debtor's property.

[3] ID.—PLEADING—RELIEF.—If the complaint states facts which entitle the plaintiff to relief, either legal or equitable, it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action.

(1) 27 C. J., p. 723, n. 25.   (2) 4 C. J., p. 1337, n. 64.   (3) 31 Cyc., p. 290, n. 62.

APPEAL from a judgment of the Superior Court of Butte County. H. D. Gregory, Judge. Reversed in part and affirmed in part.

The facts are stated in the opinion of the court.

Carleton Gray for Appellants.

King & King for Respondent.

PLUMMER, J.—This action was begun by the plaintiff to obtain a judgment and decree of the court setting aside a

1. Exceptions to rule requiring reduction of creditor's claim to judgment before suing to set aside fraudulent conveyance, note, 1 Ann. Cas. 629.

Attaching liens as condition precedent to equitable relief in lieu of judgment, note, 23 L. R. A. (N. S.) 44. See, also, 12 R. C. L. 629; 12 Cal. Jur. 1036.

certain transfer of real property made, executed, and delivered by the defendant J. A. Schafer to his wife, Clara E. Schafer, on the ground that said transfer was made for the purpose of hindering, delaying and defrauding creditors and that no consideration had been paid therefor. The second amended complaint sets forth facts upon which the plaintiff seeks both legal and equitable relief. The legal relief sought is a judgment in the sum of about forty-three thousand dollars against the defendant J. A. Schafer, for and on account of moneys belonging to the said First National Bank of Gridley, had and received by the defendant, J. A. Schafer, and unlawfully converted to his own uses and purposes, the equitable relief sought being the cancellation of the transfer of real property, as before stated. The complaint is in eleven counts, all of them being identical, hence, a summary of one will suffice for a clear statement of the whole complaint.

The organization of the First National Bank of Gridley is first set forth, its membership in the Federal Reserve Bank of this district, the ensuing insolvency of the bank and the appointment of the plaintiff herein as receiver thereof. The complaint then alleged that during the year 1920 the defendant J. A. Schafer, in violation of his trust as president and manager of said bank, entered into a secret partnership with one Mary A. Rinesmith in the cultivation of rice, and for the purpose of financing the same loaned and advanced, out of the funds of said bank, different sums of money (these sums are fully set forth in the complaint); that the said Mary A. Rinesmith at the time said moneys were advanced was insolvent; that the said defendant J. A. Schafer knew thereof; that no security was taken for the repayment of the funds to the bank so loaned and that the funds so loaned by the defendant J. A. Schafer to the said Mary A. Rinesmith was a total loss, etc.; that thereafter and on or about the twenty-seventh day of December, 1920, and after the indebtedness hereinabove referred to had been incurred, the said J. A. Schafer, for the purpose of defrauding the plaintiff, and in order to prevent it from collecting said indebtedness, etc., conveyed to his wife, the defendant Clara E. Schafer, three parcels of land; that the deeds conveying said parcels were recorded in official records of Butte County; that said parcels of land were not exempt from execution,

and that after the execution and recording of said deeds, there remained no property standing in the name of said defendant J. A. Schafer, etc., out of which the indebtedness due said plaintiff could be satisfied from, either in whole or in part; that immediately after making and recording said conveyance both of said defendants departed from the state of California and ever since have been and now are nonresidents of said state and that both of said defendants reside in Columbus, in the state of Ohio. Further allegations are set forth showing that the act of the defendant Schafer was in violation of the statutes governing members of the Federal Reserve Bank and establishing liability of said defendant for all sums so fraudulently appropriated by him; also, the insolvency of said defendant at the time of the transfer. To this second amended complaint the defendants demurred generally to each separate cause of action in identical language except as to the numbering thereof. We quote the first: "That the first cause of action attempted to be set forth in said second amended complaint does not state facts sufficient to constitute a cause of action." The court overruled the demurrer interposed by the defendants, the defendants failed to answer and judgment was entered in favor of the plaintiff, as prayed for by him, and from this judgment the defendants appeal.

It thus appears from the second amended complaint that at the time this action was instituted the plaintiff did not have any judgment against the defendant J. A. Schafer for any of the sums of money alleged to be due from him to the bank of which the plaintiff was the receiver, nor that any suit had been commenced to recover such judgment nor had any lien, by attachment or otherwise, been acquired by the plaintiff upon the lands and premises, the conveyance of which from the defendant J. A. Schafer to his wife Clara E. Schafer is sought to be set aside. It is purely an action to set aside a conveyance without first having acquired any judgment against either of the defendants, and without having acquired any lien upon the lands and premises alleged to have been fraudulently conveyed. The sole reason for not having proceeded to acquire either a judgment or attachment lien upon the premises is the alleged fact that at the time of the commencement of this action the defendants were both nonresidents of the state of California; and this is urged

as an exception to the general rule that a creditor at large
without a judgment is not in a position to maintain an action
to set aside a conveyance of property made by his debtor.
Section 3441 of the Civil Code, defining the right of a credi-
tor, indicates that such right must first have been judicially
ascertained.   The section reads: ''A creditor can avoid the
act or obligation of his debtor for fraud only where the
fraud obstructs the enforcement, by legal process, of his
right to take the property affected by the transfer or obliga-
tion.''   In other words, the creditor must have brought him-
self in that position where the legal process to which he is
entitled is obstructed.

Relying upon a paragraph of the opinion written by Com-
missioner Cooper in the case of *First Nat. Bank* v. *Eastman,*
144 Cal. 487 [103 Am. St. Rep. 95, 1 Ann. Cas. 626, 77 Pac.
1043], the respondent alleges that as both of the defendants
in this case were nonresidents, it was unnecessary to acquire
any lien upon the premises, the transfer concerning which it
was sought to have set aside, and this, for the reason that a
personal judgment against the defendant J. A. Schafer
would be of no avail; that a personal judgment for money
against a nonresident does not constitute any lien, and is not,
in and of itself, any basis for an execution.   This is all true,
but the argument which leads to this conclusion also leads to
the conclusion that the judgment in the case at bar fixing
and determining the amount of the indebtedness from the de-
fendant J. A. Schafer to the bank, of which the plaintiff is
the receiver, founded upon constructive services, would stand
upon the same basis.   The language of the opinion referred
to is as follows: ''It is the general rule that a creditor must
reduce his claim to a judgment before he can maintain an
action of this character.   But to this rule there is a well-
established exception.   Where the defendant is a nonresi-
dent, a personal judgment cannot be obtained against him,
and therefore the fact of his being a nonresident creates an
exception to the rule, and such action can be maintained
without the creditor having obtained a judgment.''   (To
support this rule cases are cited from Indiana, Iowa, and
Missouri.)   An examination of that case and the facts upon
which it is based shows that the language quoted is not so
broad when applied to the facts under consideration, as con-
tended for by the respondent.   The complaint in that case

sets forth that attachment proceedings had been taken and had, an attachment lien had been acquired and a judgment entered for the amount claimed and in the complaint in a cause of action immediately under consideration, the indebtedness was not pleaded, simply the judgment was pleaded as evidencing the indebtedness, and the court, after considering all of the facts, held that was not a sufficient pleading, and, as previously pointed out in the opinion, shows that the judgment would be good only as it partook of a proceeding *in rem* against the property, as where it says "the property of the nonresident is seized by process of attachment, the court may, in said suit, dispose of the property, but it cannot go further and give a personal judgment, except one which can be enforced as to the seized property against such nonresident. In the suit against Eastman the court might have directed a judgment which would justify the sale of the property to satisfy the plaintiff's claim . . . ," and further, that "such service may answer in all actions which are substantially proceedings *in rem.* But where the entire object of the action is to determine the personal rights and obligations of the defendants—that is, where the suit is merely *in personam*—constructive service in this form upon a nonresident is ineffectual for any purpose . . . ," and further, "in attachment proceedings the published notice may be sufficient to enable the plaintiff to obtain a judgment which he can enforce by sale of the property attached; but for any other purpose such judgment would be ineffectual."

Appreciating the impossibility of obtaining a valid personal judgment against a nonresident in actions of this character, some courts have held that an attachment lien will suffice in that it gives the court jurisdiction to take the seized property and apply it toward the payment of the debtor's obligation. Thus, in *Heyneman* v. *Dannenberg,* 6 Cal. 376 [65 Am. Dec. 519], in a case decided before the adoption of section 3441 of the Civil Code, the supreme court said: "A court of equity will take jurisdiction of a bill for an injunction filed by attaching creditors of an insolvent, to restrain proceedings on execution against the property attached under a judgment against the debtor, in favor of another, alleged to have been obtained by fraud, where all the material allegations of the bill, except fraud, are admitted," and then, considering the question of courts having

held the necessity of a previous judgment having been obtained, further said, "the modern decisions of some of the courts of the United States, seem, however, to have relaxed the severity of the English rule, and in some cases it has been held that a creditor who has acquired a lien under the attachment laws of a State may apply to a Court of Chancery without first proceeding to judgment." In *Aigeltinger* v. *Einstein*, 143 Cal. 609 [101 Am. St. Rep. 131, 77 Pac. 669], the supreme court, speaking through Chipman, Commissioner, cites practically all the preceding cases on this subject and lays down the rule that "a creditor who has merely levied an attachment upon real property as the property of his debtor, subsequent to the date of an alleged fraudulent conveyance made thereof by the debtor to his wife, cannot prior to the rendition of judgment against the husband maintain an action in equity to set aside the conveyance." An examination of this case shows that an attachment had been issued, and a lien of that character fixed upon the property sought to be subjected to the payment of the creditor's claims.

In *Lyden* v. *Spohn-Patrick Co.*, 155 Cal. 177 [100 Pac. 236], the supreme court said: "No one but a creditor, or one having some interest or estate in the property, can maintain a suit to set aside a fraudulent transfer. It is the general rule that even a creditor cannot do so until after he has established his debt by the recovery of a judgment thereon," citing a number of cases. "The beginning of an action and the issuance and levy of a writ of attachment therein, does not give the plaintiff a status which will enable him to maintain such action. . . . There is an exception to these rules in cases where the debtor is a nonresident and where, consequently, no personal judgment can be obtained against him," overlooking the fact entirely that in the case stated to sustain this last proposition the property was held under an attachment lien. In *Sewell* v. *Price*, 164 Cal. 267 [128 Pac. 409], the supreme court, speaking through Justice Shaw, outlined the necessary procedure preceding the maintenance of a creditor's bill, as follows: "Section 3441 of the Civil Code provides that 'a creditor can avoid the act or obligation of his debtor for fraud only where the fraud obstructs the enforcement, by legal process, of his right to take the property affected by the transfer or obligation.' Consequently it is

universally held that a creditor is not in a position to attack a transfer for fraud unless he has a specific lien upon the property transferred or has reduced his claim against the debtor to judgment. The rule is thus stated in *Brown* v. *Campbell*, 100 Cal. 635 [38 Am. St. Rep. 314, 35 Pac. 433], quoting from Bump on Fraudulent Conveyances, second edition, page 522: 'A creditor cannot be said to be delayed, hindered or defrauded by any conveyance, until some property out of which he has a specific right to be satisfied is withdrawn from his reach by a fraudulent conveyance. Such specific right does not exist until he has bound the property by judgment, or by judgment and execution, as the case may be, and has shown that he is defrauded by the conveyance in consequence of not being able to procure satisfaction of his debt in due course of law.' The bill maintained by a judgment creditor to subject to the payment of his demand property fraudulently transferred by the debtor is not, strictly speaking, an action upon the judgment. It is really an action for equitable relief against the obstruction caused by a transfer which hinders him in satisfying his claim by the ordinary process of law, that is to say, by an execution. If, then, he puts himself in a position to levy execution, he has done everything necessary to enable him to attack the transfer which hinders his enjoyment of his right." Again, in *Roberts* v. *Buckingham*, 172 Cal. 458 [156 Pac. 1018], the supreme court, speaking through Justice Shaw, announces the rule as follows: "So far as this complaint attempted to state a cause of action to set aside the alleged fraudulent deed it was defective for the reason that it did not show that the plaintiff had established his debt against Buckingham by reducing it to the form of a judgment. (Civ. Code, sec. 3441; *Aigeltinger* v. *Einstein*, 143 Cal. 609 [101 Am. St. Rep. 131, 77 Pac. 669]; *McMinn* v. *Whelan*, 27 Cal. 315; *First Nat. Bank* v. *Eastman*, 144 Cal. 487 [103 Am. St. Rep. 95, 1 Ann. Cas. 626, 77 Pac. 1043]; *Lyden* v. *Spohn-Patrick Co.*, 155 Cal. 177, 183 [100 Pac. 236]; *Sewell* v. *Price*, 164 Cal. 265, 270 [128 Pac. 407].) The allegation that Buckingham was a nonresident of the state does not cure the defect. The cases cited establish the proposition that even against a nonresident the creditor must first prosecute his suit so far, at least, as to obtain some specific lien, as by attachment, upon the property." This

case is directly in point, in that it deals with proceedings against a nonresident, and clearly enunciates the rule that the property must be bound by some specific lien, as by attachment, before a creditor's bill will lie.

In 12 California Jurisprudence, page 1035, section 75, the rule in this particular is thus stated: "Where the debtor is a nonresident and in consequence no judgment can be obtained against him, the creditor may bring suit without having reduced his claim to judgment, but he must have prosecuted his action against the debtor so far as to obtain a specific lien on the debtor's property," citing *Roberts* v. *Buckingham, supra,* and a number of other cases, and on page 1036 of the same volume, section 76, the authorities are collected showing that either an attachment or judgment lien against the property must first have been established, or obtained, before a creditor's bill to set aside an alleged fraudulent transfer can be maintained.

In 12 Ruling Case Law, page 629, section 136, the authorities are collected showing a conflict in the rule as to whether an action in the nature of a creditor's bill may be maintained when the property alleged to belong to the creditor is bound only by an attachment lien. The weight of authority would lead to the conclusion that in cases where the defendant is a nonresident, an attachment lien would suffice. [1] It is clear, however, from the other authorities which we have cited that the creditor must have established some specific lien upon the property alleged to belong to the debtor, and withdrawn from execution by some act which obstructs the legal process, to which the creditor has shown himself entitled before the institution of suit to set aside the conveyance.

[2] This conclusion, however, does not lead to an entire reversal of the judgment herein. The complaint, while not stating a cause of action for equitable relief against the defendant J. A. Schafer, does state a cause of action for money had and received, and appropriated by the defendant to his uses and purposes, which belonged to the First National Bank of Gridley, and the said defendant having appeared by a general demurrer, gave the court jurisdiction to enter against him a personal judgment. The demurrer, as we have seen, is general in form and simply alleges in relation to each count that it does not state a cause of action. The demurrer

does not point out that the complaint does not state a cause of action for equitable relief, nor is there any special demurrer calling the attention to specific defects, nor is there any ground of demurrer alleging or showing misjoinder of parties. It follows, therefore, that if the complaints state any cause of action, it is sufficient. **[3]** In *White* v. *Lyons,* 42 Cal. 279, it is said: "If the complaint states facts which entitles the plaintiff to relief, either legal or equitable, it is not demurrable on the ground that it does not state facts sufficient to constitute a cause of action." (See, also, *Hulsman* v. *Todd,* 96 Cal. 228 [31 Pac. 39]; *Jones* v. *Iverson,* 131 Cal. 101 [63 Pac. 135].) Other cases might be cited, but as there is no conflict in the decisions on this point, further citation is unnecessary.

It follows from what has been said that the judgment against both the defendants, in so far as it purports to award equitable relief, must be reversed, and, in so far as the money judgment is entered against the defendant J. A. Schafer, it must be affirmed. This result, though necessitated by the language of section 3441 of the Civil Code, is not serious, as it leaves the plaintiff with a judgment lien against any property owned by the defendant J. A. Schafer at the time of its rendition, and if the facts are as alleged in plaintiff's complaint in relation to the fraudulent transfer of the property there described, the foundation is laid for subjecting it to the payment of plaintiff's claims. The judgment, in so far as it awards equitable relief, is hereby reversed, and in so far as it awards judgment for the recovery of the moneys had and received by the defendant J. A. Schafer, it is affirmed. The appellant Clara E. Schafer is allowed her costs on appeal.

Hart, J., and Finch, P. J., concurred.