[L. A. No. 8700. In Bank.—June 22, 1928.]

THOMAS J. HORAN, Respondent, v. MARY A. VARIAN et al., Defendants and Respondents; R. McCOLGAN, Appellant.

Brobeck, Phleger & Harrison, and George D. Collins, Jr., for Appellant.

Lloyd Wright and Ford, Johnson , & Bourquin for Respondents.

PRESTON, J.—This is an appeal by one defendant from a portion of an interlocutory decree in partition. The contest is really a claim of priority between appellant and respondent Driscoll in and to a portion of the fund arising from a sale of the property for partition. The story opens with the death, intestate and without issue, of Sabina A. Lanon, leaving a considerable estate in Los Angeles County. A contest arose as to the persons who were entitled to inherit said estate under the laws of California. An impostor, Kyle, who claimed to be decedent's son, asserted the right to inherit the whole thereof; other claimants were Mary A. Varian, a sister, and Mark Edwards James Horan, John P. Horan, and Thomas J. Horan, nephews.

In October, 1921, one W. C. Cox of Chicago, known as a "lost heir hunter," secured from said sister and from two of said nephews an assignment of a one-third interest in and to their respective portions of said estate, upon the consideration that he should employ and pay attorneys and bear the other expenses necessary to establish their heirship thereto. Said persons executing this conveyance claimed a 45/54ths interest in said estate. On November 25, 1921, said Cox assigned his right in said conveyances

to one E. A. Platt, also an "heir-hunter," who was to ,carry out the covenants made with the said claimants with respect to the establishment of their heirship to said estate, said Cox upon distribution to receive one-third of the third transferred to him by said claimants, or 5/54ths of said estate. Platt thereupon employed attorneys George K. Ford and Lloyd Wright to wage the legal battle necessary to establish the rights of said claimants. The fee of said attorneys was to be a contingent percentage of said estate so recovered by them. They did successfully rout as an impostor the said Kyle and established the claim of these assignors as heirs to said estate, but their fees were not paid and their claim for them is the basis of the litigation out of which has grown the present appeal, said attorneys having assigned their respective interests for collection to respondent H. M. Driscoll.

During the pendency of said litigation in said estate Platt removed to Paris and remained there at all times herein, leaving not only the above-mentioned attorneys' fees unpaid but other creditors as well, among whom was appellant McColgan. Looking to payment of their claims against Platt and acting together, McColgan and Ford induced Platt to execute a general power of attorney, prepared by said Ford, to said McColgan, the idea evidently being to dispose of the California property of Platt, including that to be derived from said estate, and to pay the said ·attorneys' fees, the claim of McColgan against Platt and perhaps other creditors. Acting in apparent harmony, McColgan, as attorney-in-fact, conveyed the interest of Platt in the above-mentioned estate to one Russell, who paid nothing for the transfer, claimed no interest in the property and who, of course, was merely acting as intermediary or trustee for the better handling of the property to which Platt had title.

Distribution of said estate was applied for and the Cox-Platt interest therein, to wit: 15/54ths thereof, was distributed to said Russell. The date of the transfer to Russell was June 29, 1922; the date of the decree of distribution was September 7, 1922. Following the distribution of said interest to Russell, Cox received from him on October 20, 1922, in settlement of his claim, a conveyance of 5/54ths interest in said real property. About April 20,

1923, Russell, at the instance of Ford and McColgan, instituted a partition proceeding touching the real property distributed in said estate. Prior thereto, however, and on November 14, 1922, H. M. Driscoll, assignee of Ford and Wright above mentioned, commenced an action in the superior court of the state of California against said heirs who made assignments to Cox and also against Platt, for the sum of $8,000, together with interest, as attorneys' fees in said estate matter, and caused to be issued on said day a writ of attachment which was duly levied upon the property of said Platt remaining in the name of Russell, to wit: 5/27ths interest in said real property the subject of the decree of distribution in said estate. Ford testified that this suit and attachment was with the consent and at the suggestion of appellant McColgan in order to prevent other creditors from levying attachments thereon. It is certain that all the parties were friendly and co-operating at this time and for several months thereafter.

Following this event, however, on the eleventh day of June, 1923, Thomas J. Horan, the nephew who did not join in the transfer to Cox and one of the established heirs of said estate, began the present proceeding in partition, making said Russell, said Cox, said Driscoll, said McColgan, and others, defendants herein. The record shows that friendliness and co-operation still obtained between Ford, McColgan and Platt during the settlement of the issues in this present partition proceeding. However, in the fall of 1923, something came over the spirit of the dreams of McColgan, for on January 9, 1924, we find him substituting a new attorney, laying claim to all the property left standing in the name of Russell. In confirmation of such claim he produced a deed from Russell to him therefor bearing the date of September 28, 1922, but not filed for record until August 20, 1923. Relying upon said deed, McColgan asserts that this property derived from the estate of Lanon, to wit: a 5/27ths interest therein, belongs to him free of any claim under said attachment levied in the said Driscoll action. He refused to treat further with the hired servants who made the realization of the fund possible. The law of California gives the attorneys no right to assert a lien upon the fund realized for the value of their services in connection therewith; hence Ford and

Wright rely upon the efficacy of the attachment to hold their priority over the McColgan deed.

The court in this connection found that Russell took said deed from Platt without consideration and as the trustee of said Platt, who, at the time of the levy of said attachment, was the owner of the equitable title in and to said real property so conveyed, and further found that the deed to McColgan, although executed prior to the levy of said attachment was not delivered until subsequent thereto. The interlocutory decree followed this finding, but the findings and judgment went further than this, in that the court found that McColgan also took said deed as trustee of the legal title for Platt. The finding in this latter behalf is as follows:

"7. That the defendant Lyman Russell was at the time of the commencement of said action the holder of the legal title as tenant in common of an undivided ten fifty-fourths (10/54ths) interest in said property; that prior to the time of the commencement of the above-mentioned action said Lyman Russell signed and acknowledged and, after the commencement of said action, delivered a certain deed wherein and whereby said Lyman Russell conveyed the legal title to said undivided ten fifty-fourths (10/54ths) interest in and to said property to defendant R. McColgan, who acquired and holds said undivided ten fifty-fourths (10/54ths) interest in and to said property as the trustee of a constructive trust in favor of said Eugene A. Platt, and not otherwise; and that said Eugene A. Platt was at the time of the commencement of said action, since has been and is now the owner and seized in fee simple absolute as a tenant in common of said undivided ten fifty-fourths (10/54ths) interest in and to said property. In this connection the court further finds that all of the allegations of the first and second separate defenses contained in the amendment to the answer of the defendant H. M. Driscoll and all of the allegations of the first and second counts of the cross-complaint of defendant H. M. Driscoll against defendant R. McColgan herein are true."

The portion of the pleadings adopted by the findings as far as here material is as follows: " . . . that prior to said November 14, 1922, without instructions from, notice to, consent of, valuable or any consideration to, or there-

after or at all reporting the same to said Eugene A. Platt, said R. McColgan, as said attorney-in-fact for said Eugene A. Platt, made, executed, and delivered an assignment and transfer, whereby said Eugene A. Platt, by and through his said attorney-in-fact, assigned and transferred the legal title to said undivided 5/18ths interest in and to said property to Lyman Russell; that said undivided 5/18ths interest in and to said property thereafter and at the time said attachment was levied, as aforesaid, stood of record in the name of said Lyman Russell. . . . ''

Appellant at this point insists that there is no warrant in the evidence for a finding ' that he held the legal title to said property as trustee for the equitable owner, Platt. He contends that the evidence not only shows no fact warranting such a conclusion, but shows affirmatively that Platt on the eleventh day of April, 1924, executed a written instrument confirming the absolute title in him. From the evidence we must conclude that the findings and judgment are too broad in this respect and that appellant, at least on and after April 11, 1924, did not hold the legal title as trustee for Platt, but held same in his own right.

It is next contended by appellant that the evidence does not furnish support for the finding that when the attachment was levied, to wit, November 14, 1922, the property was owned by Platt and stood in the name of Russell, but appellant insists that the deed to him, though unrecorded, was nevertheless delivered at or about the date it bears, which said date antedates the attachment levy. We do not so view the evidence. When it is borne in mind that the power of attorney was prepared by Ford while acting in conjunction with appellant for the purpose of getting themselves in a position to realize upon the property interest of Platt in order to pay Ford and his associate their attorneys' fee and to pay appellant his claim against Platt, the significance of further facts clearly appears, among which are the following:

(1) The transfer from Platt to Russell was made in furtherance of the purpose above noted; (2) The property in the Lanon estate was distributed in the name of Russell; (3) After the date of the deed to appellant and date of delivery thereof as claimed, and after the levy of attach- '

ment, both Russell and appellant claimed the legal title to be in Russell, and Russell thereafter made a deed of Cox's interest in said property to him; (4) After the claimed date of delivery of said deed appellant, Ford and Russell caused a partition suit to be filed in which Russell was named as owner of said property and made plaintiff in said action, verifying under oath the allegation that he was on such date the owner thereof; (5) The testimony of Ford was that appellant admitted to him that said property stood in the name of Russell, and while so admitting advised him to file the attachment suit here under consideration for the purpose of protecting the property against the claim of creditors other than themselves; (6) For almost a year after the levy of said attachment said attorneys and appellant remained on friendly relations, appellant using Mr. Bourquin, an associate of Ford, as his own attorney in filing an answer in the present partition proceeding in which no denial whatever was made of the validity and integrity of the attachment.

These and other facts in the record well warranted the court in disregarding the positive swearing of Russell and appellant as to the date of delivery of said deed. Indeed, the domination of Russell by appellant and his repeated refusal, until compelled to do so, to answer questions pertaining to the date of delivery of said deed, while acting under the instructions of appellant's attorney at the time, furnish still further grounds for disregarding such testimony altogether. The case seems clearly to be one where appellant saw what he believed was a chance to pay himself at the expense of attorneys Ford and Wright, whose labors produced the fund which he wants decreed to him. Appellant, tiring of riding side by side with his fellow creditors, maneuvered with "spur and rein" to lead, and it is but a just decree of fate and law if he now finds himself riding in the rear.

Property standing in the name of one person but owned by the debtor may be attached at the suit of the creditor (sec. 542, subd. 2, Code Civ. Proc.; *Brown* v. *Campbell*, 100 Cal. 635 [38 Am. St. Rep. 314, 35 Pac. 433]; *Bank of San Francisco* v. *Pike*, 53 Cal. App. 524 [200 Pac. 752]; 23 Corpus Juris, p. 344).

▉ The court held the attachment lien valid and reserved for future action the proceeds of sale of the property interests here in dispute. This was proper. If a judgment is obtained in the attachment proceedings, the court can subject all or so much of this fund as may be necessary to the discharge of such judgment. In view of the possibility of the attachment proceedings failing to absorb all the Russell-Platt-McColgan interest in said fund, it is proper that the interlocutory decree be modified so as to secure to appellant any surplus remaining.

Accordingly, paragraph 7 of said interlocutory decree is hereby stricken out and a new provision is inserted in its stead to read as follows: "7. That the defendant R. McColgan is the owner, as a tenant in common, of an undivided ten fifty-fourths (10/54ths) interest in and to said property, subject, however, to the lien of attachment of the defendant H. M. Driscoll in that certain action entitled '*H. M. Driscoll, Plaintiff,* v. *Mary A. Varian, John P. Horan, Mark Edward James Horan and Eugene A. Platt, Defendants,*' pending in the superior court of the state of California in and for the county of Los Angeles, register No. 113617''; and paragraph 9 of said interlocutory decree is also hereby stricken out and a new provision inserted in its stead to read as follows: "9. That the interests of said Mary A. Varian, Thomas J. Horan, Mark Edward James Horan, Eugene A. Platt, and R. McColgan are subject to the lien of attachment of the defendant H. M. Driscoll in that certain action entitled '*H. M. Driscoll, Plaintiff,* v. *Mary A. Varian, Thomas J. Horan, Mark Edward James Horan, and Eugene A. Platt, Defendants,*' pending in the superior court of the state of California in and for the county of Los Angeles, register No. 113617."

The other questions discussed in the briefs are not considered, as under the holding here made they are immaterial. The interlocutory decree as modified is affirmed.

Curtis, J., Seawell, J., Richards, J., Shenk, J., and Waste, C. J., concurred.

Rehearing denied.

All the Justices present concurred.