[L. A. No. 9557. Department One.—November 16, 1928.]

WILLIAM BECKER et al., Respondents, v. L. B. BELDT et al., Defendants; CARRIE TRUITT et al., Appellants.

Ray Meacham for Appellants.

Le Roy N. French and Keeler, Fickert & French for Respondents.

PRESTON, J.—The question of the sufficiency of the evidence to support the findings and judgment presents the

sole issue for our determination. The appeal is by the interveners from judgment for plaintiffs in an action to recover upon a promissory note secured by a second chattel mortgage on furniture in a court dwelling-house. Both note and mortgage were executed by defendants L. B. Beldt and Rena B. Beldt, and were assigned to plaintiffs by the original mortgagee. Subsequently said defendants sold their lease and said furniture to defendant E. H. Truitt, subject to existing encumbrances, and he assumed payment of said note and second mortgage. Thereafter the first mortgage was foreclosed and the property sold. The amount secured, however, was not sufficient to pay the indebtedness, and said second mortgage was thereby terminated and rendered valueless. For that reason plaintiffs sued to recover upon the note alone, and caused an attachment to be levied upon the interest of said E. H. Truitt in said two parcels of real estate standing in the name of others and hereinafter designated parcel A and parcel B, respectively. Appellant Carrie Truitt, the mother of said defendant E. H. Truitt, thereupon filed herein a complaint in intervention, asserting her ownership of said parcel A, and appellant Irene Truitt, the sister of E. H. Truitt, filed her complaint in intervention asserting her ownership of said parcel B. The trial court found for plaintiffs, awarding them the sum of $2,400, with interest. The judgment further decreed that defendant E. H. Truitt was the owner of an undivided 8/13ths interest and appellant Carrie Truitt was the owner of an undivided 5/13ths interest in said parcel A, and that said E. H. Truitt was the owner of said parcel B, in which appellant Irene Truitt had no right, title or interest. As above stated, this appeal is prosecuted by said interveners, who question the propriety of said attachment and claim that the evidence is insufficient to sustain the findings respecting the ownership of said real property.

We find no basis for the claim of insufficiency of the evidence. It appears that said E. H. Truitt was unable to pay his debts and was without funds or assets aside from his interest in said parcels of real estate. Some months prior to commencement of this action he transferred his equity in said lease and furniture, the value of which was fixed at the sum of $1,600, to Tracy R. and Hazel Z. Ot-

tinger, husband and wife, in exchange for which they conveyed to intervener Carrie Truitt the property designated parcel A, the exchange value of which was stated to be $6,000, subject to encumbrances totaling $3,400. The other $1,000 due on the purchase price was paid by said intervener. Thus it appears that said E. H. Truitt furnished 8/13ths of said purchase price and said intervener furnished 5/13ths thereof, and the court found their respective undivided interests to be in that proportion. The Ottingers failed to comply with the terms of the lease or to make any payments on the note and as a result the whole amount was declared due and payable and this suit was instituted. To permit the above property transfer to defeat the just claim of plaintiffs would be to work an obvious injustice upon them.

It further appears that said defendant E. H. Truitt had been purchasing the property designated parcel B under an installment contract. Intervener Irene Truitt testified that her said brother was indebted to her in the sum of $200; that in consideration of an additional payment to him of $200, that is, for a total of $400, he assigned and delivered to her said property upon which it was found he had paid the sum of $790, said conveyance being made during the period when plaintiffs were two of his creditors and he was unable to meet his obligations. She stated that she did not know the original price of the lot, or how much was owing or had been paid on the contract of purchase; that she supposed she took the property as security for the money he owed her. As a whole her testimony was evasive and from it the court was justified in concluding in effect that not only did she have knowledge of the fraudulent intent of her brother in making the conveyance to her but that she participated in the carrying out of that fraud by arranging to take the title out of the reach of plaintiffs and give back to her brother a sum of money greater than the amount of the indebtedness found to be owing by him to her. As said in the case of *Wolbrecht* v. *French,* 24 Cal. App. 505, 508 [141 Pac. 942, 943]:

"Conveyances have sometimes been upheld which have the effect of giving preference to one creditor over another. It is established as a rule, however, that such creditor receiving preference must take only enough property to satisfy

his debt, and that where he bargains to pay an added cash difference which is desired to be used by the debtor for his own purposes, such fact invalidates the entire transaction and renders the conveyance null and void as against the protesting creditor.'' Said conveyance was, as against the claim of plaintiffs, null and void, as was likewise the attempted transfer of defendant's equity in said parcel A to his mother. (Sec. 3442, Civ. Code; *Hemenway* v. *Thaxter*, 150 Cal. 737 [90 Pac. 116]; *Gray* v. *Brunold*, 140 Cal. 615 [74 Pac. 303].)

The general rule, and cases supporting it, relied upon by appellants that a creditor must first reduce his claim to judgment before he is entitled to resort to an equitable action to reach property fraudulently transferred by his debtor (*Roberts* v. *Buckingham*, 172 Cal. 458 [156 Pac. 1018]; sec. 3441, Civ. Code) has no application to the instant case, which is a suit by the creditor upon a promissory note wherein he properly obtained a specific lien by attachment against the property. ''Property standing in the name of one person but owned by the debtor may be attached at the suit of the creditor (Sec. 542, subd. 2, Code Civ. Proc.; *Brown* v. *Campbell*, 100 Cal. 635 [38 Am. St. Rep. 314, 35 Pac. 433]; *Bank of South San Francisco* v. *Pike*, 53 Cal. App. 524 [200 Pac. 752]; 23 Corpus Juris, p. 344).'' (*Horan* v. *Varian*, 204 Cal. 391 [268 Pac. 637].)

Thereafter appellants by their complaints in intervention tendered the issue of ownership of said property, which issue was squarely met by respondents and was fairly tried and determined. Under the theory upon which the case was tried and in view of the attachment lien, and the tender of the issue by appellants themselves, the court had jurisdiction to determine the question of whether or not said conveyances were fraudulent and its findings and the judgment, having ample support in the evidence, will not be disturbed upon appeal.

Judgment affirmed.

Seawell, J., and Curtis, J., concurred.