[S. F. No. 13227. In Bank.—October 25, 1930.]

THE HIBERNIA SAVINGS & LOAN SOCIETY (a Corporation), Respondent, v. J. V. DeRYANA et al., Defendants; RACHEL CAFIERO, Appellant.

Walter E. Hettman, Chauncey F. Eldridge and Leo R. Friedman for Appellant.

Tobin & Tobin, Geo. A. Clough and Robert H. Borland for Respondent.

RICHARDS, J.—The plaintiff commenced this action against the defendant J. V. DeRyana, Rosalia V. DeRyana, Rachel Cafiero and certain fictitious defendants. The averments of its complaint, which is in several counts but which all relate to the same cause of action, briefly stated, show that on or about September 20, 1926, the defendant J. V. DeRyana negotiated a loan from the plaintiff to him in the sum of seven thousand dollars based upon his promissory note for that sum, payable one year after date, and purporting to be secured by a mortgage upon certain real estate apparently standing in the name of the borrower. Upon the report of a title insurance company to that effect, he obtained said loan and the money represented thereby in full. A short while thereafter the plaintiff discovered that the said real estate did not belong to said DeRyana, but that his representations to that effect were based upon a series of frauds and forgeries done and intended to deceive the plaintiff into making said loan; whereupon the plaintiff commenced the present action to recover the amount of said loan thus fraudulently obtained. The complaint further alleged that at the time of obtaining said loan said J. V. DeRyana was and for some time prior thereto had been the owner of a certain other piece or parcel of improved real estate which at the time of his purchase thereof had been placed in the name of Rosalia V. DeRyana, his wife, and a co-defendant herein, but which had been later conveyed by her without

consideration to her sister Rachel Cafiero, also a co-defendant herein, for the purpose of holding the same in trust for J. V. DeRyana, who at all times was and continued to be the real owner thereof. The complaint further stated that upon the receipt from said plaintiff of the amount of said loan by the fraudulent processes above set forth the said J. V. DeRyana paid over a large portion thereof to his said wife and sister-in-law, who applied the same to the payment of a certain outstanding indebtedness against said real estate and which had constituted a portion of the purchase price thereof. The prayer of the plaintiff's complaint was for a judgment against said J. V. DeRyana and his said co-defendants for the sum of seven thousand dollars and for a decree declaring that said co-defendants have and hold said last-named parcel of real estate in trust for said J. V. DeRyana, the real owner thereof, and that the same be subjected to the payment of the judgment for said sum of money, and for general relief. Coincidentally with the institution of said action, the plaintiff sought and obtained a writ of attachment to be issued and levied upon said real estate; and thereafter and at the conclusion of the trial of the action obtained leave of court to file and serve an amendment to its complaint to conform to the proofs which, while so designated, is in form and fact a supplement thereto, and in which it was alleged that at the time of the institution of said action the plaintiff had procured to be issued and levied an attachment upon said real estate to abide whatever judgment the plaintiff should obtain in said action. In its said amended pleading the plaintiff amplified the averments of its original complaint and of each count thereof to the extent of setting forth that at all the times mentioned in both of said pleadings the said J. V. DeRyana, up to the time of his disappearance as therein set forth, had been engaged in the real estate business in the city and county of San Francisco, which said business he carried on and conducted in the name of his said wife Rosalia V. DeRyana and of his sister-in-law Rachel Cafiero, and during which time all of the properties he acquired and dealt in were held in the name of his said wife and sister-in-law, including the property upon which said attachment had been levied, and that the acts and conduct of J. V. DeRyana in thus using the names of his co-defendants were

at all times done and undertaken for the fraudulent purpose of concealing his ownership of such properties for the purpose of hindering, delaying and defrauding his creditors; that shortly after J. V. DeRyana had obtained the aforesaid loan from the plaintiff, in furtherance of his aforesaid fraudulent purposes he had disappeared and become a fugitive from justice and could not be found in this state or elsewhere for the purpose of service of process upon him in this action; that J. V. DeRyana was, other than his ownership of the said real estate then standing in the name of his said sister-in-law, insolvent and had no other assets in the state of California or elsewhere to which plaintiff might have recourse for the satisfaction of its claim and of any judgment it might obtain based thereon, save by virtue of its aforesaid attachment of said real estate. Subsequently to its filing and service of its said amended and supplemental complaint the plaintiff dismissed its present action as to the defendant J. V. DeRyana and thereafter commenced and prosecuted against him another action for the recovery of a judgment upon the note which formed the basis of the original loan and also procured an attachment in that action; and having made service upon said DeRyana by publication of summons procured a judgment by default to be entered against him. In the meantime Rosalia V. DeRyana and Rachel Cafiero, having been each duly served with process in the present action, appeared separately herein, the latter by filing a general demurrer to the plaintiff's complaint, and the former by answer thereto. The demurrer of Rachel Cafiero having been overruled, she also answered. The answers of these defendants contain denials in the main predicated upon a lack of information and belief of the plaintiff's averments, but also contained positive denials of any ownership of the real estate in question or any portion thereof in J. V. DeRyana at any time, and assert full ownership in the defendant Rachel Cafiero. The cause went to trial upon the issue as thus framed, and upon its submission the court made and filed its findings of fact and conclusions of law sustaining generally the averments of the plaintiff's original and also of its amended complaint, and as conclusions of law upon the facts as thus found determined that J. V. DeRyana had become and continued to be indebted to the plaintiff in the sum of seven thousand

dollars and the interest thereon as and in the manner set forth in the plaintiff's complaint; that J. V. DeRyana had for many years conducted his business of a real estate agent in the name of either his wife or his sister-in-law; that the ownership of the particular real estate, while standing in the name of Rachel Cafiero, was at all times vested in J. V. DeRyana and that neither said Rachel Cafiero nor Rosalia V. DeRyana had at any time any right, title or interest therein save and except to hold the same in trust for J. V. DeRyana, the real owner thereof; that the plaintiff was entitled to a judgment and decree so declaring, and directing that the said real property be sold for the satisfaction of the judgment to be entered thereon, the proceeds of such sale to be applied to the satisfaction of the plaintiff's indebtedness, the balance, if any, to be paid to the defendant Rachel Cafiero. Judgment was entered thereon accordingly and from such judgment the defendant Rachel Cafiero has alone appealed.

The first contention which the appellant urges upon her appeal is that her general demurrer to the plaintiff's original complaint should have been sustained. This contention presents substantially the only point involved in this appeal, and that point is that the plaintiff was, as a matter of law, not entitled to commence or maintain this action against the defendants therein, or any of them, or to subject the real property sought to be affected thereby to its said claim, until such time as it had first obtained a judgment against the defendant J. V. DeRyana establishing the fraudulent processes by which the latter had obtained from the plaintiff the aforesaid loan. The authorities cited by the appellant in support of this contention, among which are the case of *Roberts* v. *Buckingham,* 172 Cal. 458 [156 Pac. 1018], and certain other recent decisions by the appellate courts, state generally the well-established rule that a creditor's bill to set aside an alleged fraudulent conveyance by the debtor must show that the plaintiff has reduced his claim to judgment; and that this is true notwithstanding the debtor is a nonresident of the state or is for any other reason not available for service of process as a prerequisite to the making and entry of such judgment. The respondent herein does not question the application of these authorities to proper cases, but urges that they have no application

to the case at bar, wherein the plaintiff, having a good cause of action against his debtor upon a claim arising on contract upon which an attachment might properly issue, is entitled to bring such action, issue such attachment and levy the same upon property of which it asserts the debtor was at all times the owner, although said property as to its record title was standing in the name of another person who was holding the same and the title thereto in trust for said debtor and not otherwise. The authorities upon which the respondent relies in support of this contention seem fully to sustain the same, particularly the case of *Becker* v. *Beldt,* 205 Cal. 491, 495 [271 Pac. 1059], which is a case practically identical with the case at bar, and wherein this court differentiated between the case of *Roberts* v. *Buckingham, supra,* and like cases, and the case then before it, holding that a creditor suing upon a promissory note and seeking by way of attachment in such suit to create a specific lien upon property alleged to be owned by the debtor, but standing in the name of another (sec. 542, subd. 2, Code Civ. Proc.), is entitled to institute such action, procure such attachment and subject the property so attached to such judgment as he may be awarded, and is not required to first obtain a judgment in a prior action against his debtor before becoming entitled to sue and obtain his relief as against the property of the debtor so held and so subjected to the lien of the attachment. This principle finds further support in the case of *Horan* v. *Varian,* 204 Cal. 391, 397 [268 Pac. 637], and is given ampler and quite instructive consideration in the recent case of *Platte County State Bank* v. *Frantz,* 33 Wyo. 326 [239 Pac. 531]. ▮ It is true that at the time of the filing of the defendant Rachel Cafiero's general demurrer to the plaintiff's original complaint the said complaint did not, as of course it could not, contain an averment that an attachment had been actually issued and levied upon the specific property involved in said action; but said complaint did therein contain averments showing the action to be one wherein an attachment might properly issue directed against property of the debtor standing in the name of another, and the plaintiff's subsequent amendment to said complaint showing that at the time of the filing of said demurrer such attach-

ment had been actually issued and levied upon said specific property must be held to relate back to the antecedent date thereof so as to cure the defect, if any, in the plaintiff's original complaint.

The appellant makes a further contention predicated upon certain proceedings originated in the District Court of Appeal, in which court the appeal herein was first given consideration. It appears that the respondent, apparently out of excess of caution, undertook while said appeal was still pending in that court to institute a proceeding under the provisions of section 956a of the Code of Civil Procedure to offer evidence in the form of a judgment-roll in an action which it had instituted against J. V. DeRyana upon his aforesaid promissory note, and wherein it had obtained a judgment against said DeRyana upon said note subsequent to the institution of the present action, but prior to its determination upon appeal in said appellate court. The respondent's request in that regard was complied with by said court and it also and in the same proceeding permitted the respondent to amend its pleadings in this action so as to include a recital of the entry of such judgment in the other action entered subsequent to the judgment in this action. The appellant complained in her petition for a hearing herein and now complains of the action of the appellate tribunal in the foregoing regard. We do not deem it necessary, however, to pass upon the correctness or propriety of the action of the appellate tribunal in this matter for the reason that whether right or wrong in the abstract the situation of this cause upon appeal did not in our opinion require the application of the provisions of section 956a of the Code of Civil Procedure to the case because, as fully set forth in the foregoing portions of this opinion, the plaintiff, in order to maintain the action, was not required to have first secured a judgment against its immediate debtor J. V. DeRyana as a prerequisite to the institution or maintenance of the present action, and hence the effort on the respondent's part to seek application of the code provision above referred to in support of its judgment upon appeal while a precautionary was nevertheless an unnecessary proceeding, the propriety of which we do not deem it necessary to further discuss.

■ The appellant makes the further and final contention that the evidence produced before the court was insufficient to overthrow the presumption created by section 164 of the Civil Code to the effect that the real estate here in question having been originally conveyed to Mrs. J. V. DeRyana was her separate property which she in turn had a right to transfer to her sister, Rachel Cafiero, prior to the transaction by which her husband, J. V. DeRyana, became a debtor of the plaintiff and respondent herein. The evidence before the trial court in the foregoing regard presents an interesting situation. It would be a waste of time, however, to review in detail this evidence, which in our opinion abundantly shows that throughout the entire period of his rather spectacular career he used the names of his wife and her sister, Rachel Cafiero, who was at all times an inmate of his family, instead of his own name for the transaction of his business, and that these two women were in fact dummies who signed checks and other documents and took and transferred titles to real estate wholly according to his direction and without knowing aught about the details of his business or about the particular transaction in which their names were used, but in which the real actor was himself. The transaction by which in the year 1922 he acquired the property involved in this action, taking the title thereto in the name of Rosalia and about two years later causing it to be transferred to Rachel without any of the usual *indicia* of a change of ownership, the said property standing in the name of the latter at the time he perpetrated his fraud upon the plaintiff, securing thereby the sum of seven thousand dollars, a considerable part of which was immediately made use of to pay off an encumbrance upon said property representing a portion of its original purchase price, fully illustrates the real situation as to the status and ownership of the property in question. We think the evidence of these transactions was such as to overcome the presumption and fully justify the finding of the trial court to the effect that J. V. DeRyana was at all times the real owner of the property in question and that said property having been duly attached should be subjected to the satisfaction of the plaintiff's claim.

We do not deem that any other points upon this appeal merit more detailed discussion.,

The judgment is affirmed.

Shenk, J., Preston, J., Waste, C. J., Curtis, J., and Seawell, J., concurred.